**Karamalis v Leonard St. Props. Group, Ltd.**

2024 NY Slip Op 31486(U)

April 25, 2024

Supreme Court, New York County

Docket Number: Index No. 156202/2021

Judge: Eric Schumacher

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     <u>HON. ERIC SCHUMACHER</u>                    PART                    23M
                           *Justice*

------------------------------------------------------------------X

ATHINA KARAMALIS,                                 INDEX NO.          156202/2021

                              Plaintiff,                MOTION DATE        04/25/2024

                                                      MOTION SEQ. NO.        001
                    - v -

LEONARD STREET PROPERTIES GROUP, LTD. et ano.,        **AMENDED DECISION + ORDER ON MOTION**

                              Defendants.

------------------------------------------------------------------X

**NYSCEF doc nos. 13-29 were read on this motion for summary judgment.**

Motion by defendants pursuant to CPLR 3212 for summary judgment denied as untimely[1].

## BACKGROUND

Plaintiff commenced this action on June 30, 2021, by filing the summons and complaint (see NYSCEF doc no. 1). On August 19, 2022, the prior court held a preliminary conference and at that conference set forth that "[a]ny dispositive motion(s) shall be made on or before 120 days after filing of [note of issue]" (NYSCEF doc no. 10 at 2).

As is relevant here, court administration reassigned the case to this court in early 2023. On February 6, 2023, plaintiff filed the note of issue (see NYSCEF doc no. 11). The reassignment is evidenced by, among other things, the NYSCEF Confirmation Notice for this filing (see Confirmation Notice, available at https://iapps.courts.state.ny.us/nyscef/ConfirmationNotice?docId=kdz6RRzfaS8MOTiT31iTag==, last accessed April 25, 2024, at 10:54 a.m.). The Notice is dated February 6, 2023, at 3:26 p.m., and states: "Assigned Judge: Eric Schumacher" in bold, center-justified type directly below the index number and case caption provided at the top of the page (id.). The Notice further states that an email notification regarding the filing was sent to both "Gregory J. Dell", at "greg.dell@wilsonelser.com", and "Jeffrey Liu", at "jeffrey.liu@wilsonelser.com", attorneys for defendants, with the law firm of Wilson, Elser, Moskowitz, Edelman & Dicker LLP, also on February 6, 2023, at 3:26 p.m. (id.).

This court's part rules were online as of February 9, 2023, specifying that "[a]ll summary judgment motions must be filed within 60 days of the filing of the note of issue" (Part 23 R. III[G]).

---

[1] This order vacates, amends, and supersedes the order that was previously issued by the court on April 15, 2024 (see NYSCEF doc no. 31).

On March 17, 2023, this court issued a "Discovery Conference Notice -From Court" further informing the parties of the reassignment. As is relevant here, the discovery notice states: "[t]he court directs that parties familiarize themselves with the rules. The court advises that all parties are deemed on notice of the rules and are directed to abide by them" (NYSCEF doc no. 12). A hyperlink to this court's part rules appears in the notice.

On June 6, 2023, defendants filed this motion for summary judgment (see NYSCEF doc no. 13). No party addresses the timeliness of the motion.

## DISCUSSION

CPLR 3212(a) requires that motions for summary judgment be filed by a date set by the court, unless none is set, "except with leave on good cause shown." ""[G]ood cause' in CPLR 3212(a) requires a showing of good cause for the delay in making the motion—a satisfactory explanation for the untimeliness—rather than simply permitting meritorious, nonprejudicial filings, however tardy" (Brill v City of New York, 2 NY3d 648, 652 [2004]; see also Jarama v Liberty Ave. Hous. Dev. Fund Corp., 161 AD3d 691, 692 [1st Dept 2018] [applying the rule to cross motions]). A movant's "failure to appreciate that its motion was due . . . is no more satisfactory than a perfunctory claim of law office failure" (Giudice v Green 292 Madison, LLC, 50 AD3d 506, 506 [1st Dept 2008] [internal quotation marks omitted]). "No excuse at all, or a perfunctory excuse, cannot be 'good cause'" (Baram v Person, 205 AD3d 470, 471 [1st Dept 2022], citing Brill at 652; see also Rahman v Domber, 45 AD3d 497 [1st Dept 2007]).

Here, the deadline set by this court in its part rules for the filing of all summary judgment motions was 60 days from the filing of the note of issue. The note of issue was filed on February 6, 2023. 60 days from the filing of the note of issue was April 7, 2023. The motion for summary judgment was filed on June 6, 2023, 120 days after the filing of the note of issue. As such, the motion is untimely.

Moreover, defendants have not shown good cause for their untimeliness. The Appellate Division, First Department has held that good cause is not found where movants fail to file their summary judgment motions by the deadline set forth in a rule or order of the assigned judge before whom the motion is pending (see Appleyard v Tigges, 171 AD3d 534, 536 [1st Dept 2019]). In Appleyard, the prior judge's part rules gave the parties 120 days from the filing of the note of issue to file any dispositive motions. The note of issue was filed on December 16, 2016, while the case was still assigned to that prior judge. On December 31, 2016, that judge retired, and the case was administratively reassigned to a new judge on January 7, 2017. That new judge's part rules required dispositive motions be filed no later than 60 days from the filing of the note of issue, or February 14, 2017. The defendants filed their motions for summary judgment on March 29, 2017, 103 days after the filing of the note of issue. The trial court denied the motions as untimely, and the Appleyard Court affirmed, holding that "[d]efendants' failure to inform themselves of the identity of the new judge and her part rules does not constitute good cause for failing to adhere to them" (at 536).

The procedural history of Appleyard as to its discovery conferencing is something of an anachronism today. In the underlying case, originally commenced in 2014, neither the

preliminary conference order nor any of the subsequent discovery conference stipulations set forth any written order or directive concerning the timing of summary judgment motions (index no. 24491/2014E, NYSCEF doc nos. 26-31). At present, the standard court discovery conference forms all have pre-typed verbiage concerning the timing of summary judgment motions, with a blank for the assigned judge to fill a number (e.g., 60) from after the filing of the note of issue.

The broad language of the holding in Appleyard was circumscribed in Lopez v Metropolitan Transit Authority (191 AD3d 508 [1st Dept 2021]). In the underlying decision and order, the motion court stated,

> "Defendants argue that they were confused about the summary judgment deadline because the prior judge's rules and the preliminary conference order provided 90 days for filing summary judgment motions. However, this is insufficient to demonstrate good cause for the belated filing. Appleyard v. Tigges, 171 A.D.3d 534, 536 (1st Dep't 2019). Thus, the defendants' motion and the plaintiff's cross-motion for summary judgment must be denied as untimely."

(Lopez v Metropolitan Trans. Auth., 2019 WL 2357542 *1 [Sup Ct, NY County 2019]). While not mentioning Appleyard in its decision, the Appellate Division, First Department held in its order reversing (191 AD3d at 508) that,

> "Defendants' motion for summary judgment was timely since it was filed within the time period provided in the preliminary conference order. That deadline is controlling, despite the transfer to another Justice with part rules shortening the time, given no subsequent order or directive explicitly providing otherwise (see Encore I, Inc. v Kabcenell, 160 AD3d 450 [1st Dept 2018]; Freire-Crespo v 345 Park Ave. L.P., 122 AD3d 501 [1st Dept 2014])."

The Appleyard Rule may therefore apply where there has been a change in the judge assigned, whether before or after the filing of the note of issue. The relevant inquiry is whether there had ever been a preliminary conference order (or, presumably, another order or directive from a prior court, such as within a compliance or status conference order) or if the prior court relied on its part rules, only, as to the timing of summary judgment motions.

If the prior court relied on part rules, only, as to setting forth the timing of motions for summary judgment, then any deadline pursuant to the prior court's part rules is superseded at the time of the assignment by any part rule of the newly assigned judge concerning the timing of summary judgment motions.

If the prior court issued an order or directive concerning the timing of summary judgment motions, then any prior deadline is superseded on the issuance of a subsequent order or directive explicitly providing otherwise, such as by setting forth a different timing pursuant to the new court's part rules. Yet it is axiomatic that, if the time to file under the new judge has run prior to the assignment, the Appleyard Rule is inapplicable (see Crawford v Liz Claiborne, Inc., 11 NY3d 810, 813 [2008]).

All parties to an action are on notice of all NYSCEF filings and must always be familiar with and abide by the assigned judge's part rules. This court's part rules require all summary judgment motions to be filed within 60 days of the filing of the note of issue, while the prior court's part rules and preliminary conference order provided for a 120-day deadline. Notably, this court issued a discovery notice 21 days prior to the 60-day summary judgment deadline directing that all parties familiarize themselves with the rules, and advising all parties that they are deemed on notice of the rules and directed to abide by them. As such, the prior court's summary judgment deadline was superseded by this court's issuance of a subsequent directive explicitly setting forth a different summary judgment deadline pursuant to this court's part rules and comports with the holding in Lopez.

Further, as of February 6, 2023, at 3:26 p.m., the timestamp of the court's confirmation notice as to the filing of the note of issue, all parties were on notice of the assigned judge having changed to Eric Schumacher of this court. There can be no mistaking that all parties were on notice of the reassignment to this court by means of NYSCEF at least 60 days prior to their deadline for filing summary judgment motions under this part's rules. As such, the motion is untimely and, applying the Appleyard Rule to the facts of this case, there is no good cause shown as to the untimeliness of the motion (see e.g. Mateo v The 63, 65 & 67 W.107th St. Condominium, 2024 WL 1741889 [Sup Ct, NY County, April 23, 2024, Schumacher, J.]).

## CONCLUSION

Accordingly, it is

ORDERED that the court's decision and order on this motion filed at NYSCEF doc no. 31 is vacated and is amended and superseded by this order; and it is further

ORDERED that the motion is denied as untimely; and it is further

ORDERED that, within five days of entry, plaintiff shall serve a copy of this order with notice of entry on defendants; and it is further

The foregoing constitutes the decision and order of the court.

| 4/25/2024 | | | ERIC SCHUMACHER, J.S.C. | |
| DATE | | | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

156202/2021  KARAMALIS v LEONARD ST. PROPS. GROUP, LTD. et ano.
Motion No. 001

Page 4 of 4