■ Mohammed Z. Rahman, Appellant, v Jenna R. Domber et al., Defendants, and Matiul Islam et al., Respondents. [846 NYS2d 167]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered April 5, 2006, which granted the motion of defendants Matiul Islam and Budget Rent-A-Car for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated. Order, same court and Justice, entered August 8, 2006, insofar as it denied plaintiff leave to serve a supplemental bill of particulars, unanimously reversed, on the facts, without costs, and such leave granted; appeal from that portion of the order which denied plaintiff's motion to renew defendants' motion for summary judgment, unanimously dismissed as academic, without costs.

Contrary to defendants' contention, the untimeliness of their summary judgment motion is properly before this Court, the issue having been included in plaintiff's notice of appeal (see Hale v Hale, 16 AD3d 231, 233 [2005]).

The motion was served 21 days after the 30-day deadline imposed for such dispositive motions in the case scheduling order. Defendants did not claim that they were unaware of the deadline and offered no reason for failing to seek an extension of time to file the motion (see generally Cabibel v XYZ Assoc., L.P., 36 AD3d 498 [2007]; Filannino v Triborough Bridge & Tunnel Auth., 34 AD3d 280, 282 [2006]). Nor did the court make an explicit finding that good cause existed for defendants' delay (see generally Perini Corp. v City of New York [Department of Envtl. Protection], 16 AD3d 37, 39-40 [2005]; Farkas v Farkas, 40 AD3d 207, 209 n 3 [2007]). Under the circumstances, the court erred in reaching the merits of the motion (Brill v City of New York, 2 NY3d 648, 650 [2004]).

In view of plaintiff's allegation of lost time from work in his initial bill of particulars, his deposition testimony concerning his employment, and the printout of his earnings that he served upon defendants, a supplemental bill of particulars incorporating a claim for past and future loss of earnings should have been permitted (see Sahdala v New York City Health & Hosps. Corp., 251 AD2d 70, 70 [1998]). Concur—Tom, J.P., Saxe, Friedman, Williams and Buckley, JJ.