■ KENNETH GIUDICE, Respondent, v GREEN 292 MADISON, LLC, et al., Respondents-Appellants, and USADATA, INC., Appellant-Respondent. [858 NYS2d 111]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered June 19, 2007, which denied defendants' motions for summary judgment as untimely, unanimously affirmed, without costs.

By preliminary conference order dated October 6, 2005, the court directed the filing of a note of issue by April 30, 2006 and any summary judgment motions by June 30, 2006. By compliance conference order dated January 19, 2006, the deadline for summary judgment motions was changed to 45 days after the filing of the note of issue. A subsequent compliance conference order dated August 17, 2006 extended the deadline for filing the note of issue to August 31, 2006, but did not adjust the deadline for summary judgment motions. Thus, upon the filing of a note of issue on August 25, 2006, summary judgment motions were required by October 9, 2006. Since USADATA's motion was dated October 24, 2006 and Green's November 20, 2006, both motions had to be denied as untimely absent good cause shown for the delays (CPLR 3212 [a]; *Brill v City of New York*, 2 NY3d 648, 652 [2004]). USADATA's argument that "the motion was served well within the statutory time frame, albeit later than the deadline set by the [c]ourt," effectively admitted the absence of good cause, and was correctly rejected by the motion court (*Glasser v Abramovitz*, 37 AD3d 194 [2007] [CPLR 3212 (a) applies to court-imposed deadlines shorter than the statutory 120-day period]). Nor are we persuaded by USADATA's argument, raised for the first time on appeal, that good cause existed by reason of the "ambiguity" created by the court's preliminary compliance order and compliance conference orders. USADATA's failure to appreciate that its motion was due within 45 days after the filing of the note of issue "is no more satisfactory than a perfunctory claim of law office failure" (*Crawford v Liz Claiborne, Inc.*, 45 AD3d 284, 285 [2007]). Since USADATA's motion was untimely, Green's motion may not be considered (*cf. James v Jamie Towers Hous. Co.*, 294 AD2d 268, 272 [2002], *affd on other grounds* 99 NY2d 639 [2003]). We have considered defendants' other arguments and find them unavailing. Concur—Lippman, P.J., Friedman, Sweeny and Moskowitz, JJ. [*See* 2007 NY Slip Op 31688(U).]