■ LUZ MARIA FREIRE-CRESPO, Respondent, v 345 PARK AVENUE L.P. et al., Respondents, and TRIANGLE SERVICES, INC., Appellant. [998 NYS2d 3]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered December 23, 2013, which, inter alia, granted defendants-respondents' (codefendants) motion to the extent it sought summary judgment on their cross claims for contractual indemnification against defendant-appellant Triangle Services, and denied Triangle Services's cross motion for summary judgment dismissing the complaint and cross claims as untimely, unanimously affirmed, without costs.

CPLR 3212 (a) provides that unless the court sets another date, a motion for summary judgment must "be made no later than one hundred twenty days after the filing of the note of issue, except with leave of court on good cause shown" (*see Filannino v Triborough Bridge & Tunnel Auth.*, 34 AD3d 280, 281 [1st Dept 2006], *appeal dismissed* 9 NY3d 862 [2007]). Moreover, the controlling preliminary conference order dictated the same 120-day time limit. The reassignment of the matter thereafter to a part whose rules provide for a standard 60-day time limit did not serve to eliminate that provision of that preliminary conference order, in the absence of a further order or directive explicitly providing for a reduced time limit, or some other means of directing that the time limits of the new part's rules would supersede the preliminary conference order. *Fine v One Bryant Park, LLC* (84 AD3d 436, 437 [1st Dept 2011]) does not hold to the contrary; it did not involve a reassignment after the issuance of a preliminary conference order.

Supreme Court properly denied as untimely Triangle Services's cross motion for summary judgment dismissing the complaint. While the court providently exercised its discretion in its implicit determination that the illness of counsel for codefendants during the relevant time period constituted good cause for the four-day delay in serving their notice of motion (*see Popalardo v Marino*, 83 AD3d 1029, 1030 [2d Dept 2011]), Triangle Services's crossmotion was served even further beyond the deadline, and unlike codefendants, Triangle Services set forth no explanation, let alone good cause, for its delay (*see Kershaw v Hospital for Special Surgery*, 114 AD3d 75, 86 [1st Dept 2013]). Nor did Triangle Services, in moving for dismissal of plaintiffs' claim against it, establish a right to the sought relief as a matter of law.

As to the indemnification claim, codefendants were properly awarded summary judgment on their contractual indemnification claims against Triangle Services, because their service contract in effect at the time of the incident, which required Triangle Services to clean the accident location, contains a broad indemnification provision and does not require a showing of negligence on Triangle's part. Concur—Mazzarelli, J.P., Acosta, Saxe, Richter and Clark, JJ.