■ ABBY WAXMAN, Appellant, v THE HALLEN CONSTRUCTION CO., INC., Respondent, et al., Defendants. [33 NYS3d 23]—

Order, Supreme Court, New York County (Michael D. Stall-

man, J.), entered July 9, 2015, which, to the extent appealed from as limited by the briefs, granted defendant the Hallen Construction Co., Inc's (Hallen) motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion denied.

The motion for summary judgment should have been denied as untimely, as it was submitted more than 50 days after the expiration of the deadline imposed by a preliminary conference order, and there was no showing of good cause for the late filing (see CPLR 3212 [a]; *Quinones v Joan & Sanford I. Weill Med. Coll. & Graduate Sch. of Med. Sciences of Cornell Univ.*, 114 AD3d 472, 473 [1st Dept 2014]). The reassignment of the action to a different Justice's part after entry of the preliminary conference order is not good cause for the late filing, since there was no subsequent order or directive explicitly providing for a different time limit, or stating that the time limits of the new part's rules would supersede the preliminary conference order (*Freire-Crespo v 345 Park Ave. L.P.*, 122 AD3d 501, 502 [1st Dept 2014]).

Even if the motion were timely, Hallen was not entitled to summary judgment on the merits, because plaintiff's evidence raised triable issues of fact as to whether Hallen's negligence was a proximate cause of plaintiff's accident (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

We have considered Hallen's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Richter, Manzanet-Daniels, Kahn, JJ.