Appleyard v Tigges (2019 NY Slip Op 02820)





Appleyard v Tigges


2019 NY Slip Op 02820


Decided on April 16, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 16, 2019

Richter, J.P., Manzanet-Daniels, Tom, Kahn, Singh, JJ.


8266 24491/14E

[*1]Audrey A. Appleyard, Plaintiff-Respondent,
v
Russell G. Tigges, et al., Defendants-Appellants, Vassar Brothers Hospital, et al., Defendants.


Feldman, Kleidman, Coffey, Sappe & Regenbaum LLP, Fishkill (Wayne M. Rubin of counsel), for appellants.
Shapiro Law Offices, PLLC, Bronx (Ernest S. Buonocore of counsel), for respondent.



Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered March 8, 2018, which, to the extent appealed from, denied as untimely the motions of defendants Russell G. Tigges and Orthopedic Associates of Dutchess County, P.C. for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
This medical malpractice action was originally assigned to the Honorable Stanley Green on July 1, 2015. On October 24, 2016, Justice Green signed a so-ordered stipulation setting February 16, 2017 as the date for a compliance conference before the Honorable Douglas E. McKeon. Plaintiff filed her note of issue on December 16, 2016. Justice Green's part rules required that motions for summary judgment be filed within 120 days of the filing of the note of issue, which would have made the deadline for filing such a motion April 17, 2017.
On December 31, 2016, Justice Green retired from the bench. The instant action was then administratively reassigned to the Honorable Wilma Guzman on January 7, 2017. Justice Guzman's part rules require that "pursuant to CPLR § 3212(a), a motion for summary judgment shall be made no later than sixty (60) days after the filing of the Note of Issue, except with leave of court on good cause shown" (McKinney's New York Rules of Court, Local Rules of Court, Twelfth Judicial District, Bronx County, Judges' Part Rules, Hon. Wilma Guzman, Part 1A-7). Thus, under Justice Guzman's part rules, in the absence of a showing of good cause, the deadline for filing a motion for summary judgment in this case was February 14, 2017.
Defendants' counsel avers that on February 10, 2017, he first learned of the reassignment of the case to Justice Guzman when a scheduling clerk in his office consulted the court system's e-Courts electronic calendar to confirm the previously scheduled February 16, 2017 conference. Counsel further acknowledges that shortly thereafter, he reviewed Justice Guzman's part rules and noted the requirement that summary judgment motions be made within 60 days of the filing of the note of issue.
On March 29, 2017, some 43 days after the February 14 deadline, defendants filed a motion for summary judgment and, "if necessary," to extend the deadline to file same. Citing Brill v City of New York (2 NY3d 648, 652 [2004]), the motion court denied both motions as untimely, reasoning that defendants were aware of the reassignment of the matter to the motion court prior to the February 14 deadline, yet failed to move for an extension of time to file the motion for summary judgment prior to that date.
CPLR 3212(a) sets forth the statutory timeliness requirements for the filing of a summary judgment motion. That statute permits the court to "set a date after which no such motion may be made" (CPLR 3212[a]). If the court sets no such date, a summary judgment motion must "be made no later than [120] days after the filing of the note of issue, except with leave of court on [*2]good cause shown" (id.).
The Court of Appeals has made it clear that "statutory time
frames  like court-ordered time frames . . . are not options, they are requirements, to be taken seriously by the parties" (Miceli v State Farm Mut. Auto Ins. Co., 3 NY3d 725, 726 [2014] [internal citation omitted], following Brill v City of New York, 2 NY3d at 651 [recognizing that the legislature statutorily authorized the courts "to fix a deadline for filing summary judgment motions"]).
Here, defendants' motions for summary judgment and alternatively an extension of time were properly denied. Although defendants concede that they became aware of the reassignment of this matter to Justice Guzman and the 60-day filing period provision of her published part rules in advance of the filing deadline, they waited 47 days after learning of Justice Guzman's timeliness rule and 43 days after the expiration of her statutorily authorized 60-day filing period to seek leave of court for additional time to file their motions, rendering their motions untimely (see CPLR 3212[a]; Miceli v State Farm Mut. Auto Ins. Co., 3 NY3d at 726; Brill v City of New York, 2 NY3d at 651).
Moreover, defendants have not established good cause for their belated filing. Defendants' argument that good cause was demonstrated by their having filed the motions within 120 days after the filing of the note of issue fails in light of their failure to comply with the court's own deadline (see Giudice v Green 292 Madison, LLC, 50 AD3d 506, 506 [1st Dept 2008] [good cause not found where the parties failed to file their summary judgment motions by the court-imposed deadline, even if they were filed within the statutory 120-day period]). Defendants' failure to inform themselves of the identity of the new judge and her part rules does not constitute good cause for failing to adhere to them.
In light of the foregoing disposition of this appeal, we need not reach the parties' remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 16, 2019
CLERK