Kearns v One N.Y. Plaza Co. LLC (2024 NY Slip Op 50361(U))

[*1]

Kearns v One N.Y. Plaza Co. LLC

2024 NY Slip Op 50361(U)

Decided on April 2, 2024

Supreme Court, New York County

Schumacher, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 2, 2024
Supreme Court, New York County

Judy Daniels Kearns et ano., Plaintiffs,

against
One New York Plaza Co. LLC et al., Defendants.

Index No. 157508/2021

Ronemus & Vilensky (Robert Vilensky of counsel), for plaintiffs.
Goetz Schenker Blee & Wiederhorn, LLP (Kenneth R. Lange of counsel), for defendants One New York Plaza Co. LLC and Brookfield Properties, (USA II) LLC.
McGiff Halverson Dooley LLP (Daniel J. O'Connell of counsel), for defendant ABM Janitorial Services Northeast, Inc.

Eric Schumacher, J.

NYSCEF doc nos. 39-63, 67-68, and 71-82 were read on this motion for summary judgment.
Motions by defendant ABM Janitorial Services Northeast Inc. (hereinafter ABM) and by defendants One New York Plaza Co. LLC and Brookfield Properties (USA II) LLC (hereinafter the Brookfield Parties) pursuant to CPLR 3212 for summary judgment dismissing the complaint and all cross claims denied as untimely.
BACKGROUND
Plaintiffs commenced this action on August 11, 2021, by filing the summons and complaint (see NYSCEF doc no. 1).
On August 19, 2022, the prior court issued a preliminary conference order setting forth that "[a]ny dispositive motion(s) shall be made on or before 120 days after filing [] the [note of issue]" (NYSCEF doc no. 17 at 2).
Court administration reassigned the case to this court in early 2023. On April 26, 2023, this court issued a compliance conference order setting forth that "[a]ll dispositive motions must be filed within 60 days of the note of issue" (NYSCEF doc no. 36 at 2). On August 2, 2023, this court issued a status conference order again setting forth that "[a]ll dispositive motions must be filed within 60 days of the note of issue" (NYSCEF doc no. 37 at 2).
On August 14, 2023, plaintiffs filed the note of issue (see NYSCEF doc no. 38). On October 31, 2023, ABM filed its motion for summary judgment (see NYSCEF doc no. 39). On December 12, 2023, the Brookfield Parties filed a "Notice of Cross-Motion" and supporting documents (see NYSCEF doc nos. 60-62). No party addresses the timeliness of the motions in any of the papers submitted.

 DISCUSSION
CPLR 3212(a) requires that motions for summary judgment be filed by a date set by the court, unless none is set, "except with leave on good cause shown." "'[G]ood cause' in CPLR 3212(a) requires a showing of good cause for the delay in making the motion—a satisfactory explanation for the untimeliness—rather than simply permitting meritorious, nonprejudicial filings, however tardy" (Brill v City of New York, 2 NY3d 648, 652 [2004]; see also Jarama v Liberty Ave. Hous. Dev. Fund Corp., 161 AD3d 691, 692 [1st Dept 2018] [applying the rule to cross motions]). A movant's "failure to appreciate that its motion was due . . . is no more satisfactory than a perfunctory claim of law office failure" (Giudice v Green 292 Madison, LLC, 50 AD3d 506, 506 [1st Dept 2008] [internal quotation marks omitted]).
Here, the deadline set by the court for the filing of all summary judgment motions was 60 days from the filing of the note of issue. The note of issue was filed on August 14, 2023. 60 days from the filing of the note of issue was October 13, 2023. ABM's motion for summary judgment was filed on October 31, 2023, 78 days after the filing of the note of issue. The Brookfield [*2]Parties' motion[FN1]
 was filed on December 12, 2023, 120 days after the filing of the note of issue. As such, both motions are untimely.
Moreover, defendants have not shown good cause for their untimeliness. The Appellate Division, First Department has held that good cause is not found where movants fail to file their summary judgment motions by the deadline set forth in a rule or order of the assigned judge before whom the motion is pending (see Appleyard v Tigges, 171 AD3d 534, 536 [1st Dept 2019]). In Appleyard, the prior judge gave the parties 120 days from the filing of the note of issue to file any dispositive motions. The note of issue was filed on December 16, 2016, while the case was still assigned to that prior judge. On December 31, 2016, that judge retired, and the case was administratively reassigned to a new judge on January 7, 2017. That new judge's part rules required dispositive motions be filed no later than 60 days from the filing of the note of issue. The defendants filed their motions for summary judgment 103 days after the filing of the note of issue. The trial court denied the motions as untimely, and the Appleyard Court affirmed.
The Appleyard Rule therefore applies where there has been a change in the judge assigned, whether before or after the filing of the note of issue. Any prior deadline is superseded at the time of the assignment, if the judge has a rule about the timing of summary judgment motions, or else by any subsequent order setting forth such timing. It is axiomatic that, if the time to file under the new judge has run prior to the assignment, the Appleyard Rule is inapplicable.
Not only do this court's part rules specify that "[a]ll summary judgment motions must be filed within 60 days of the filing of the note of issue" (Part 23 R. III[G]), but also this court set forth the deadline in its compliance and status conference orders. Defendants appeared at the conferences, ABM annexed the orders to the moving papers together with the note of issue (affirmation of O'Connell, exhibit 8, at 4-7), and the Brookfield Parties referenced the orders in their papers (affirmation of Lange ¶ 11). All parties to an action are on notice of all NYSCEF filings and must always be familiar with and abide by the assigned judge's part rules. Here, the parties were on notice of this court's summary judgment motion deadline by means of its part rules and discovery directives. As such, the motions are untimely and, applying the Appleyard Rule to the facts of this case, there is no good cause shown as to the untimeliness of the motions.

 CONCLUSION
Accordingly, it is
ORDERED that the motions are denied as untimely; and it is further
ORDERED that, within five days of entry, plaintiffs shall serve a copy of this order with [*3]notice of entry on defendants.
The foregoing constitutes the decision and order of the court.
DATE 4/2/2024
ERIC SCHUMACHER, J.S.C.

Footnotes

Footnote 1: The motion is not a true cross motion as it targets plaintiffs, not ABM (see Kershaw v Hosp. for Special Surgery, 114 AD3d 75, 87 [1st Dept 2013]; see also Connor v AMA Consulting Engrs. PC, 213 AD3d 483 [1st Dept 2023]).