## Kearns v One N.Y. Plaza Co. LLC

2024 NY Slip Op 31552(U)

May 1, 2024

Supreme Court, New York County

Docket Number: Index No. 157508/2021

Judge: Eric Schumacher

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. ERIC SCHUMACHER                    PART            23M
                                    *Justice*

-----------------------------------------------------------------X

JUDY DANIELS KEARNS et ano.,

                        Plaintiffs,

            - v -

ONE NEW YORK PLAZA CO. LLC et al.,

                        Defendants.

-----------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157508/2021 |
| MOTION DATE | 05/01/2024 |
| MOTION SEQ. NO. | 002 |

**AMENDED DECISION + ORDER
ON MOTION**

**NYSCEF doc nos. 39-63, 67-68, and 71-82 were read on this motion for summary judgment.**

Motions by defendant ABM Janitorial Services Northeast Inc. (hereinafter ABM) and by defendants One New York Plaza Co. LLC and Brookfield Properties (USA II) LLC (hereinafter collectively the Brookfield Parties) for summary judgment denied as untimely[1].

## BACKGROUND

Plaintiffs commenced this action on August 11, 2021, by filing the summons and complaint (see NYSCEF doc no. 1). On August 19, 2022, the prior court issued a preliminary conference order setting forth that "[a]ny dispositive motion(s) shall be made on or before 120 days after filing [] the [note of issue]" (NYSCEF doc no. 17 at 2).

As is relevant here, court administration reassigned the case to this court in early 2023. This court's part rules were online as of February 9, 2023, specifying that "[a]ll summary judgment motions must be filed within 60 days of the filing of the note of issue" (Part 23 R. III[G]).

On March 17, 2023, this court issued a "Discovery Conference Notice -From Court" further informing the parties of the reassignment. As is relevant here, the discovery notice states: "[t]he court directs that parties familiarize themselves with the rules. The court advises that all parties are deemed on notice of the rules and are directed to abide by them" (NYSCEF doc no. 33 at 1). A hyperlink to this court's part rules appears in the notice.

On April 26, 2023, this court issued a compliance conference order setting forth that "[a]ll dispositive motions must be filed within 60 days of the note of issue" (NYSCEF doc no. 36 at 2). On August 2, 2023, this court issued a status conference order again setting forth that "[a]ll dispositive motions must be filed within 60 days of the note of issue" (NYSCEF doc no. 37 at 2).

---

[1] This order vacates, amends, and supersedes the previous decision and order of the court dated April 2, 2024 (see NYSCEF doc no. 83).

**157508/2021   KEARNS et ano. v ONE NEW YORK PLAZA CO. LLC et al.**                    **Page 1 of 4**
**Motion No.  002**

On August 14, 2023, plaintiffs filed the note of issue (see NYSCEF doc no. 38).

On October 31, 2023, ABM filed its motion for summary judgment (see NYSCEF doc no. 39). On December 12, 2023, the Brookfield Parties filed a "Notice of Cross-Motion" and supporting documents (see NYSCEF doc nos. 60-62). No party addresses the timeliness of the motions in any of the papers submitted.

## DISCUSSION

CPLR 3212(a) requires that motions for summary judgment be filed by a date set by the court, unless none is set, "except with leave on good cause shown." "'[G]ood cause' in CPLR 3212(a) requires a showing of good cause for the delay in making the motion—a satisfactory explanation for the untimeliness—rather than simply permitting meritorious, nonprejudicial filings, however tardy" (Brill v City of New York, 2 NY3d 648, 652 [2004]; see also Jarama v Liberty Ave. Hous. Dev. Fund Corp., 161 AD3d 691, 692 [1st Dept 2018] [applying the rule to cross motions]). A movant's "failure to appreciate that its motion was due . . . is no more satisfactory than a perfunctory claim of law office failure" (Giudice v Green 292 Madison, LLC, 50 AD3d 506, 506 [1st Dept 2008] [internal quotation marks omitted]). "No excuse at all, or a perfunctory excuse, cannot be 'good cause'" (Baram v Person, 205 AD3d 470, 471 [1st Dept 2022], citing Brill at 652; see also Rahman v Domber, 45 AD3d 497 [1st Dept 2007]).

Here, the deadline set by this court for the filing of all summary judgment motions was 60 days from the filing of the note of issue. The note of issue was filed on August 14, 2023. 60 days from the filing of the note of issue was October 13, 2023. ABM's motion for summary judgment was filed on October 31, 2023, 78 days after the filing of the note of issue. The Brookfield Parties' motion[2] was filed on December 12, 2023, 120 days after the filing of the note of issue. As such, both motions are untimely.

Moreover, defendants have not shown good cause for their untimeliness. The Appellate Division, First Department has held that good cause is not found where movants fail to file their summary judgment motions by the deadline set forth in a rule or order of the assigned judge before whom the motion is pending (see Appleyard v Tigges, 171 AD3d 534, 536 [1st Dept 2019]). In Appleyard, the prior judge's part rules gave the parties 120 days from the filing of the note of issue to file any dispositive motions. The note of issue was filed on December 16, 2016, while the case was still assigned to that prior judge. On December 31, 2016, that judge retired, and the case was administratively reassigned to a new judge on January 7, 2017. That new judge's part rules required dispositive motions be filed no later than 60 days from the filing of the note of issue, or February 14, 2017. The defendants filed their motions for summary judgment on March 29, 2017, 103 days after the filing of the note of issue. The trial court denied the motions as untimely, and the Appleyard Court affirmed, holding that "[d]efendants' failure to inform themselves of the identity of the new judge and her part rules does not constitute good cause for failing to adhere to them" (at 536).

---

[2] The motion is not a true cross motion as it targets plaintiffs, not ABM (see Kershaw v Hosp. for Special Surgery, 114 AD3d 75, 87 [1st Dept 2013]; see also Connor v AMA Consulting Engrs. PC, 213 AD3d 483 [1st Dept 2023]).

The procedural history of Appleyard as to its discovery conferencing is something of an anachronism today. In the underlying case, originally commenced in 2014, neither the preliminary conference order nor any of the subsequent discovery conference stipulations set forth any written order or directive concerning the timing of summary judgment motions (index no. 24491/2014E, NYSCEF doc nos. 26-31). At present, the standard court discovery conference forms all have pre-typed verbiage concerning the timing of summary judgment motions, with a blank for the assigned judge to fill a number (e.g., 60) from after the filing of the note of issue.

The broad language of the holding in Appleyard was circumscribed in Lopez v Metropolitan Transit Authority (191 AD3d 508 [1st Dept 2021]). In the underlying decision and order, the motion court stated,

> "Defendants argue that they were confused about the summary judgment deadline because the prior judge's rules and the preliminary conference order provided 90 days for filing summary judgment motions. However, this is insufficient to demonstrate good cause for the belated filing. Appleyard v. Tigges, 171 A.D.3d 534, 536 (1st Dep't 2019). Thus, the defendants' motion and the plaintiff's cross-motion for summary judgment must be denied as untimely."

(Lopez v Metropolitan Trans. Auth., 2019 WL 2357542 *1 [Sup Ct, NY County 2019]). While not mentioning Appleyard in its decision, the Appellate Division, First Department held in its order reversing (191 AD3d at 508) that,

> "Defendants' motion for summary judgment was timely since it was filed within the time period provided in the preliminary conference order. That deadline is controlling, despite the transfer to another Justice with part rules shortening the time, given no subsequent order or directive explicitly providing otherwise (see Encore I, Inc. v Kabcenell, 160 AD3d 450 [1st Dept 2018]; Freire-Crespo v 345 Park Ave. L.P., 122 AD3d 501 [1st Dept 2014])."

The Appleyard Rule may therefore apply where there has been a change in the judge assigned, whether before or after the filing of the note of issue. The relevant inquiry is whether there had ever been a preliminary conference order (or, presumably, another order or directive from a prior court, such as within a compliance or status conference order) or if the prior court relied on its part rules, only, as to the timing of summary judgment motions (see Mateo v The 63, 65 & 67 W.107th St. Condominium, 2024 NY Slip Op 24123, *3 [Sup Ct, NY County, April 23, 2024, Schumacher, J.]).

If the prior court relied on part rules, only, as to setting forth the timing of motions for summary judgment, then any deadline pursuant to the prior court's part rules is superseded at the time of the assignment by any part rule of the newly assigned judge concerning the timing of summary judgment motions (see id.).

If the prior court issued an order or directive concerning the timing of summary judgment motions, then any prior deadline is superseded on the issuance of a subsequent order (see Giudice v Green 292 Madison, LLC, 50 AD3d 506, 506 [1st Dept 2008]) or directive explicitly

**157508/2021   KEARNS et ano. v ONE NEW YORK PLAZA CO. LLC et al.**   Page 3 of 4
**Motion No.  002**

[* 3]

providing otherwise, such as by setting forth a different timing pursuant to the new court's part rules (see Mateo *3). Yet it is axiomatic that, if the time to file under the new judge has run prior to the assignment, the Appleyard Rule is inapplicable (see Crawford v Liz Claiborne, Inc., 11 NY3d 810, 813 [2008]).

All parties to an action are on notice of all NYSCEF filings and must always be familiar with and abide by the assigned judge's part rules. This court's part rules require all summary judgment motions to be filed within 60 days of the filing of the note of issue, while the prior court's part rules and preliminary conference order provided for a 120-day deadline. Notably, this court issued a discovery notice directing the parties to familiarize themselves and abide by the court's part rules, as well as two discovery conference orders which set forth the 60-day summary judgment deadline. Defendants appeared at the conferences, ABM annexed the orders to the moving papers together with the note of issue (affirmation of O'Connell, exhibit 8, at 4-7), and the Brookfield Parties referenced the orders in their papers (affirmation of Lange ¶ 11). As such, and in accord with Lopez, the prior court's summary judgment deadline was superseded by this court's 60-day deadline as directed in a discovery notice and set forth in the two discovery conference orders issued by this court.

There can be no mistaking that all parties were on notice of this court's summary judgment motion deadline prior to the filing of the note of issue by means of this court's two discovery conference orders and the March 17, 2023 discovery notice directing the parties to familiarize themselves and abide by this court's part rules. As such, the motions are untimely and, applying the Appleyard Rule to the facts of this case, there is no good cause shown as to the untimeliness of the motions.

## CONCLUSION

Accordingly, it is

ORDERED that the court's decision and order on this motion filed at NYSCEF doc no. 83 is vacated and is amended and superseded by this order; and it is further

ORDERED that the motions are denied as untimely; and it is further

ORDERED that, within five days of entry, plaintiffs shall serve a copy of this order with notice of entry on defendants.

The foregoing constitutes the decision and order of the court.

| 5/1/2024 | | | | |
|---|---|---|---|---|
| DATE | | | ERIC SCHUMACHER, J.S.C. | |

| CHECK ONE: | | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| | | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

157508/2021   KEARNS et ano. v ONE NEW YORK PLAZA CO. LLC et al.          Page 4 of 4
Motion No.  002

4 of 4