**Ortiz v New York City Hous. Auth.**

2024 NY Slip Op 31622(U)

May 8, 2024

Supreme Court, New York County

Docket Number: Index No. 159572/2021

Judge: Eric Schumacher

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. ERIC SCHUMACHER**          PART          **23M**

*Justice*

----------------------------------------------------------------------X

NANCY ORTIZ,

                Plaintiff,

        - V -

NEW YORK CITY HOUSING AUTHORITY,

               Defendant.

----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159572/2021 |
| MOTION DATE | 05/08/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

**NYSCEF doc nos. 36-57 were read on this motion for summary judgment.**

Motion by plaintiff pursuant to CPLR 3212 for partial summary judgment denied as untimely.

## BACKGROUND

Plaintiff commenced this action on October 20, 2021, by filing the summons and complaint (see NYSCEF doc no. 1). On July 11, 2022, the prior court issued a preliminary conference order setting forth that "[a]ny dispositive motion(s) shall be made on or before 120 days after the filing of the [n]ote of [i]ssue" (NYSCEF doc no. 23 at 2).

As is relevant here, court administration reassigned the case to this court in early 2023. This court's part rules were online as of February 9, 2023, specifying that "[a]ll summary judgment motions must be filed within 60 days of the filing of the note of issue" (Part 23 R. III[G]).

On February 14, 2023, this court issued a status conference order setting forth that "[a]ll dispositive motions must be filed within 60 days of the note of issue" (NYSCEF doc no. 28 at 2). This court's subsequent status conference orders, dated June 7, 2023, August 30, 2023, and October 12, 2023, set forth the same order and directive (see NYSCEF doc nos. 29, 31-32).

On November 9, 2023, plaintiff filed the note of issue (see NYSCEF doc no. 35).

On February 12, 2024, plaintiff filed this motion for summary judgment (see NYSCEF doc no. 36). Plaintiff argues that the motion is "timely" as "[t]he note of issue was filed on 11/9/23 and the PC Order required a summary judgment motion to be filed within 120 days" (affirmation of Ayers ¶ 2). Defendant's opposition papers are silent on the issue of timeliness.

## DISCUSSION

CPLR 3212(a) requires that motions for summary judgment be filed by a date set by the court, unless none is set, "except with leave on good cause shown." "'[G]ood cause' in CPLR

3212(a) requires a showing of good cause for the delay in making the motion—a satisfactory explanation for the untimeliness—rather than simply permitting meritorious, nonprejudicial filings, however tardy" (Brill v City of New York, 2 NY3d 648, 652 [2004]; see also Jarama v Liberty Ave. Hous. Dev. Fund Corp., 161 AD3d 691, 692 [1st Dept 2018] [applying the rule to cross motions]). A movant's "failure to appreciate that its motion was due . . . is no more satisfactory than a perfunctory claim of law office failure" (Giudice v Green 292 Madison, LLC, 50 AD3d 506, 506 [1st Dept 2008] [internal quotation marks omitted]). "No excuse at all, or a perfunctory excuse, cannot be 'good cause'" (Baram v Person, 205 AD3d 470, 471 [1st Dept 2022], citing Brill at 652; see also Rahman v Domber, 45 AD3d 497 [1st Dept 2007]).

Here, the deadline set by this court for the filing of all summary judgment motions was 60 days from the filing of the note of issue. The note of issue was filed on November 9, 2023. 60 days from the filing of the note of issue was January 8, 2024. Plaintiff's motion for summary judgment was filed on February 12, 2024, 95 days after the filing of the note of issue. As such, the motion is untimely.

Moreover, plaintiff has not shown good cause for its untimeliness. The Appellate Division, First Department has held that good cause is not found where movants fail to file their summary judgment motions by the deadline set forth in a rule or order of the assigned judge before whom the motion is pending (see Appleyard v Tigges, 171 AD3d 534, 536 [1st Dept 2019]). In Appleyard, the prior judge's part rules gave the parties 120 days from the filing of the note of issue to file any dispositive motions. The note of issue was filed on December 16, 2016, while the case was still assigned to that prior judge. On December 31, 2016, that judge retired, and the case was administratively reassigned to a new judge on January 7, 2017. That new judge's part rules required dispositive motions be filed no later than 60 days from the filing of the note of issue, or February 14, 2017. The defendants filed their motions for summary judgment on March 29, 2017, 103 days after the filing of the note of issue. The trial court denied the motions as untimely, and the Appleyard Court affirmed, holding that "[d]efendants' failure to inform themselves of the identity of the new judge and her part rules does not constitute good cause for failing to adhere to them" (at 536).

The procedural history of Appleyard as to its discovery conferencing is something of an anachronism today. In the underlying case, originally commenced in 2014, neither the preliminary conference order nor any of the subsequent discovery conference stipulations set forth any written order or directive concerning the timing of summary judgment motions (index no. 24491/2014E, NYSCEF doc nos. 26-31). At present, the standard court discovery conference forms all have pre-typed verbiage concerning the timing of summary judgment motions, with a blank for the assigned judge to fill a number (e.g., 60) from after the filing of the note of issue.

The broad language of the holding in Appleyard was circumscribed in Lopez v Metropolitan Transit Authority (191 AD3d 508 [1st Dept 2021]). In the underlying decision and order, the motion court stated,

"Defendants argue that they were confused about the summary judgment deadline because the prior judge's rules and the preliminary conference order provided 90 days for filing summary judgment motions. However, this is insufficient to

**159572/2021   ORTIZ v NEW YORK CITY HOUS. AUTH.**
**Motion No. 002**

Page 2 of 4

[* 2]

demonstrate good cause for the belated filing. <u>Appleyard v. Tigges</u>, 171 A.D.3d 534, 536 (1st Dep't 2019). Thus, the defendants' motion and the plaintiff's cross-motion for summary judgment must be denied as untimely."

(<u>Lopez v Metropolitan Trans. Auth.</u>, 2019 WL 2357542 *1 [Sup Ct, NY County 2019]). While not mentioning <u>Appleyard</u> in its decision, the Appellate Division, First Department held in its order reversing (191 AD3d at 508) that,

"Defendants' motion for summary judgment was timely since it was filed within the time period provided in the preliminary conference order. That deadline is controlling, despite the transfer to another Justice with part rules shortening the time, given no subsequent order or directive explicitly providing otherwise (<u>see</u> <u>Encore I, Inc. v Kabcenell</u>, 160 AD3d 450 [1st Dept 2018]; <u>Freire-Crespo v 345 Park Ave. L.P.</u>, 122 AD3d 501 [1st Dept 2014])."

The <u>Appleyard</u> Rule may therefore apply where there has been a change in the judge assigned, whether before or after the filing of the note of issue. The relevant inquiry is whether there had ever been a preliminary conference order (or, presumably, another order or directive from a prior court, such as within a compliance or status conference order) or if the prior court relied on its part rules, only, as to the timing of summary judgment motions (<u>see</u> <u>Mateo v The 63, 65 & 67 W.107th St. Condominium</u>, 2024 NY Slip Op 24123, *3 [Sup Ct, NY County, April 23, 2024, Schumacher, J.]).

If the prior court relied on part rules, only, as to setting forth the timing of motions for summary judgment, then any deadline pursuant to the prior court's part rules is superseded at the time of the assignment by any part rule of the newly assigned judge concerning the timing of summary judgment motions (<u>see</u> <u>id.</u>).

If the prior court issued an order or directive concerning the timing of summary judgment motions, then any prior deadline is superseded on the issuance of a subsequent order (<u>see</u> <u>Giudice v Green 292 Madison, LLC</u>, 50 AD3d 506, 506 [1st Dept 2008]) or directive explicitly providing otherwise, such as by setting forth a different timing pursuant to the new court's part rules (<u>see</u> <u>Mateo</u> *3). Yet it is axiomatic that, if the time to file under the new judge has run prior to the assignment, the <u>Appleyard</u> Rule is inapplicable (<u>see</u> <u>Crawford v Liz Claiborne, Inc.</u>, 11 NY3d 810, 813 [2008]).

All parties to an action are on notice of all NYSCEF filings and must always be familiar with and abide by the assigned judge's part rules. This court's part rules require all summary judgment motions to be filed within 60 days of the filing of the note of issue, while the prior court's part rules and preliminary conference order provided for a 120-day deadline. Notably, this court issued four discovery conference orders which set forth the 60-day summary judgment deadline. Plaintiff appeared at all four conferences. As such, the prior court's summary judgment deadline was superseded by this court's 60-day deadline as set forth in the February 14, 2023 status conference order, merely one year prior to when plaintiff filed this motion, and the deadline was maintained in the three subsequent discovery conference orders issued by this court.

**159572/2021   ORTIZ v NEW YORK CITY HOUS. AUTH.**
**Motion No.  002**

Page 3 of 4

[* 3]

There can be no mistaking that all parties were on notice of this court's summary judgment motion deadline prior to the filing of the note of issue by means of this court's four discovery conference orders. As such, the motion is untimely and, applying the Appleyard Rule to the facts of this case, there is no good cause shown as to the untimeliness of the motion.

## CONCLUSION

Accordingly, it is

ORDERED that the motion is denied as untimely; and it is further

ORDERED that, within five days of entry, defendant shall serve a copy of this order with notice of entry on plaintiff.

The foregoing constitutes the decision and order of the court.

|  |  |  |
|---|---|---|
| __5/8/2024__ | | _____ |
| **DATE** | | **ERIC SCHUMACHER, J.S.C.** |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

159572/2021  ORTIZ v NEW YORK CITY HOUS. AUTH.
Motion No. 002

Page 4 of 4

[* 4]