## Park v Fifty-Seven Ave. Invs. LLC

2024 NY Slip Op 31669(U)

May 13, 2024

Supreme Court, New York County

Docket Number: Index No. 153200/2018

Judge: Eric Schumacher

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: **HON. ERIC SCHUMACHER**

*Justice*

---------------------------------------------------------------------X

DAVID PARK,

Plaintiff,

- v -

FIFTY-SEVEN AVENUE INVESTMENTS, LLC et al.,

Defendants.

---------------------------------------------------------------------X

| | |
|---|---|
| PART | **23M** |
| INDEX NO. | 153200/2018 |
| MOTION DATE | 05/13/2024 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

**NYSCEF doc nos. 67-97, 101-107, and 110-114 were read on this motion for summary judgment.**

Motion by defendant Aurora Contractors, Inc. (hereinafter Aurora) pursuant to CPLR 3212 for summary judgment denied as untimely.

## BACKGROUND

Plaintiff commenced this action on April 9, 2018, by filing the summons and complaint (see NYSCEF doc no. 1). On January 8, 2019, the prior court issued a preliminary conference order setting forth that "[a]ny dispositive motion(s) shall be made on or before 120 days of filing the [note of issue]" (NYSCEF doc no. 8 at 2).

As is relevant here, court administration reassigned the case to this court in early 2023. This court's part rules were online as of February 9, 2023, specifying that "[a]ll summary judgment motions must be filed within 60 days of the filing of the note of issue" (Part 23 R. III[G]).

On February 28, 2023, this court issued a status conference order setting forth that "[a]ll dispositive motions must be filed within 60 days of the note of issue" (NYSCEF doc no. 33 at 2). This court's subsequent status conference orders, dated August 2, 2023, and October 25, 2023, set forth the same order and directive (see NYSCEF doc nos. 37, 40).

On January 31, 2024, plaintiff filed the note of issue (see NYSCEF doc no. 42).

On April 4, 2024, Aurora filed this motion summary judgment. Aurora argues that the motion is "timely" as "[o]n 1/31/24, plaintiff's counsel filed a note of issue and certificate of readiness" (affirmation of Fichtelberg ¶ 9).

In opposition, Federal Express Corporation (hereinafter FedEx) argues that Aurora's motion is untimely and cites to this court's February 28, 2023, August 2, 2023, and October 25, 2023 status conference orders (affirmation of Heller ¶¶ 9-11).

**153200/2018   PARK v FIFTY-SEVEN AVE. INVS., LLC et al.**
**Motion No.  003**

Page 1 of 5

In reply, Aurora argues that "a review of this [p]art's [r]ules reflects that plaintiff's [n]ote of [i]ssue was filed without first filing a [s]tipulation, or receiving an [o]rder[], that all discovery is complete" and that "since Aurora's motion seeks the identical relief sought by Fifty[-]Seven Avenue Investments, LLC, it is respectfully submitted that it may be considered by the [c]ourt" (reply affirmation of Fichtelberg ¶¶ 3-4).

## DISCUSSION

CPLR 3212(a) requires that motions for summary judgment be filed by a date set by the court, unless none is set, "except with leave on good cause shown." "'[G]ood cause' in CPLR 3212(a) requires a showing of good cause for the delay in making the motion—a satisfactory explanation for the untimeliness—rather than simply permitting meritorious, nonprejudicial filings, however tardy" (Brill v City of New York, 2 NY3d 648, 652 [2004]; see also Jarama v Liberty Ave. Hous. Dev. Fund Corp., 161 AD3d 691, 692 [1st Dept 2018] [applying the rule to cross motions]). A movant's "failure to appreciate that its motion was due . . . is no more satisfactory than a perfunctory claim of law office failure" (Giudice v Green 292 Madison, LLC, 50 AD3d 506, 506 [1st Dept 2008] [internal quotation marks omitted]). "No excuse at all, or a perfunctory excuse, cannot be 'good cause'" (Baram v Person, 205 AD3d 470, 471 [1st Dept 2022], citing Brill at 652; see also Rahman v Domber, 45 AD3d 497 [1st Dept 2007]).

Here, the deadline set by this court for the filing of all summary judgment motions was 60 days from the filing of the note of issue. The note of issue was filed on January 31, 2024. 60 days from the filing of the note of issue was March 31, 2024. Aurora's motion for summary judgment was filed on April 4, 2024, 64 days after the filing of the note of issue. As such, the motion is untimely.

Moreover, Aurora has not shown good cause for its untimeliness. The Appellate Division, First Department has held that good cause is not found where movants fail to file their summary judgment motions by the deadline set forth in a rule or order of the assigned judge before whom the motion is pending (see Appleyard v Tigges, 171 AD3d 534, 536 [1st Dept 2019]). In Appleyard, the prior judge's part rules gave the parties 120 days from the filing of the note of issue to file any dispositive motions. The note of issue was filed on December 16, 2016, while the case was still assigned to that prior judge. On December 31, 2016, that judge retired, and the case was administratively reassigned to a new judge on January 7, 2017. That new judge's part rules required dispositive motions be filed no later than 60 days from the filing of the note of issue, or February 14, 2017. The defendants filed their motions for summary judgment on March 29, 2017, 103 days after the filing of the note of issue. The trial court denied the motions as untimely, and the Appleyard Court affirmed, holding that "[d]efendants' failure to inform themselves of the identity of the new judge and her part rules does not constitute good cause for failing to adhere to them" (at 536).

The procedural history of Appleyard as to its discovery conferencing is something of an anachronism today. In the underlying case, originally commenced in 2014, neither the preliminary conference order nor any of the subsequent discovery conference stipulations set forth any written order or directive concerning the timing of summary judgment motions (index no. 24491/2014E, NYSCEF doc nos. 26-31). At present, the standard court discovery conference

153200/2018   PARK v FIFTY-SEVEN AVE. INVS., LLC et al.
Motion No.  003

Page 2 of 5

[* 2]

forms all have pre-typed verbiage concerning the timing of summary judgment motions, with a blank for the assigned judge to fill a number (e.g., 60) from after the filing of the note of issue.

The broad language of the holding in Appleyard was circumscribed in Lopez v Metropolitan Transit Authority (191 AD3d 508 [1st Dept 2021]). In the underlying decision and order, the motion court stated,

> "Defendants argue that they were confused about the summary judgment deadline because the prior judge's rules and the preliminary conference order provided 90 days for filing summary judgment motions. However, this is insufficient to demonstrate good cause for the belated filing. Appleyard v. Tigges, 171 A.D.3d 534, 536 (1st Dep't 2019). Thus, the defendants' motion and the plaintiff's cross-motion for summary judgment must be denied as untimely."

(Lopez v Metropolitan Trans. Auth., 2019 WL 2357542 *1 [Sup Ct, NY County 2019]). While not mentioning Appleyard in its decision, the Appellate Division, First Department held in its order reversing (191 AD3d at 508) that,

> "Defendants' motion for summary judgment was timely since it was filed within the time period provided in the preliminary conference order. That deadline is controlling, despite the transfer to another Justice with part rules shortening the time, given no subsequent order or directive explicitly providing otherwise (see Encore I, Inc. v Kabcenell, 160 AD3d 450 [1st Dept 2018]; Freire-Crespo v 345 Park Ave. L.P., 122 AD3d 501 [1st Dept 2014])."

The Appleyard Rule may therefore apply where there has been a change in the judge assigned, whether before or after the filing of the note of issue. The relevant inquiry is whether there had ever been a preliminary conference order (or, presumably, another order or directive from a prior court, such as within a compliance or status conference order) or if the prior court relied on its part rules, only, as to the timing of summary judgment motions (see Mateo v The 63, 65 & 67 W.107th St. Condominium, 2024 NY Slip Op 24123, *3 [Sup Ct, NY County, April 23, 2024, Schumacher, J.]).

If the prior court relied on part rules, only, as to setting forth the timing of motions for summary judgment, then any deadline pursuant to the prior court's part rules is superseded at the time of the assignment by any part rule of the newly assigned judge concerning the timing of summary judgment motions (see id.).

If the prior court issued an order or directive concerning the timing of summary judgment motions, then any prior deadline is superseded on the issuance of a subsequent order (see Giudice v Green 292 Madison, LLC, 50 AD3d 506, 506 [1st Dept 2008]) or directive explicitly providing otherwise, such as by setting forth a different timing pursuant to the new court's part rules (see Mateo *3). Yet it is axiomatic that, if the time to file under the new judge has run prior to the assignment, the Appleyard Rule is inapplicable (see Crawford v Liz Claiborne, Inc., 11 NY3d 810, 813 [2008]).

153200/2018  PARK v FIFTY-SEVEN AVE. INVS., LLC et al.
Motion No. 003

Page 3 of 5

All parties to an action are on notice of all NYSCEF filings and must always be familiar with and abide by the assigned judge's part rules. This court's part rules require all summary judgment motions to be filed within 60 days of the filing of the note of issue, while the prior court's part rules and preliminary conference order provided for a 120-day deadline. Notably, this court issued three discovery conference orders which set forth the 60-day summary judgment deadline. Aurora appeared at all three conferences. As such, the prior court's summary judgment deadline was superseded by this court's 60-day deadline as set forth in the February 28, 2023 status conference order, and the deadline was maintained in the two subsequent discovery conference orders issued by this court.

To the extent Aurora argues that there was no stipulation or order directing that all discovery was complete prior to the filing off the note of issue, any party to an action may move to vacate the note of issue within 20 days after service of the note of issue and certificate of readiness (see 22 NYCRR § 202.21[e]). By not moving the vacate the note of issue within 20 days after its service, Aurora has conceded that there are no remaining discovery issues in this case. The time to raise any arguments about the completion of discovery would have been within those 20 days after the note of issue and certificate of readiness was filed. As this was not done, any contention that discovery was not complete at the time of the filing of the note of issue is a non-issue in this case. The court cancelled the February 7, 2024 status conference due to the note of issue being filed on January 31, 2024, as directed in the court's October 25, 2023 status conference order (see NYSCEF doc no. 40 at 2).

Further, Aurora's contention that this motion seeks identical relief to the relief sought by Fifty-Seven Avenue Investments, LLC (hereinafter Fifty-Seven) in motion seq. no. 002 is misplaced. Untimely summary judgment motions may only be considered when there is good cause shown. It is well settled that one area where late motions are routinely considered is where the motion is not for identical relief, as Aurora contends, but where the timely movant is seeking relief as to the cross movant and the cross movant moves as to that timely movant on the converse relief (see Kershaw v Hosp. for Special Surgery, 114 AD3d 75, 87 [1st Dept 2013]; see also Connor v AMA Consulting Engrs. PC, 213 AD3d 483 [1st Dept 2023]). Here, Fifty-Seven in motion seq. no. 002 seeks summary judgment dismissal of the complaint and all cross-claims as asserted against it, and summary judgment in favor of Fifty-Seven and against FedEx on Fifty-Seven's cross-claims as asserted against FedEx. Aurora in this motion seeks dismissal of the complaint and all cross-claims as asserted against it. Yet the branch of Aurora's motion which is to dismiss all cross claims as asserted against it is moot, as there are no cross claims asserted against Aurora. As such, the court finds that this motion is not a true cross motion as it only targets plaintiff, a nonmovant, not Fifty-Seven, the timely movant.

There can be no mistaking that all parties were on notice of this court's summary judgment motion deadline prior to the filing of the note of issue by means of this court's three discovery conference orders. As such, the motion is untimely and, applying the Appleyard Rule to the facts of this case, there is no good cause shown as to the untimeliness of the motion.

153200/2018  PARK v FIFTY-SEVEN AVE. INVS., LLC et al.                    Page 4 of 5
Motion No. 003

4 of 5

[* 4]

## CONCLUSION

Accordingly, it is

ORDERED that the motion is denied as untimely; and it is further

ORDERED that, within five days of entry, plaintiff shall serve a copy of this order with notice of entry on Aurora.

The foregoing constitutes the decision and order of the court.

| 5/13/2024 | | | | |
|---|---|---|---|---|
| DATE | | | ERIC SCHUMACHER, J.S.C. | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**153200/2018  PARK v FIFTY-SEVEN AVE. INVS., LLC et al.**
**Motion No. 003**

Page 5 of 5