Hubbard v JPMorgan Chase Bank, N.A.

2026 NY Slip Op 02924

May 12, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Giselle Hubbard, Plaintiff-Respondent,

v

JPMorgan Chase Bank, N.A., Doing Business as Chase Bank, Defendant-Respondent, Jones Lang LaSalle Americas, Inc., Defendant-Appellant.

JPMorgan Chase Bank, N.A., Doing Business as Chase Bank, Third-Party Plaintiff-Respondent,

Jones Lang LaSalle Americas, Inc., Third-Party Defendant-Appellant.

Decided and Entered: May 12, 2026

Index No. 30571/18|Appeal No. 6575|Case No. 2025-01164|

Before: Renwick, P.J., Friedman, Kapnick, Pitt-Burke, O'neill Levy, JJ.

Sobel Pevzner, LLC, Huntington (Judy R. Meisel of counsel), for appellant.

Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains (Guy Des Rosiers of counsel), for JPMorgan Chase Bank, N.A., respondent.

[*1]

Order, Supreme Court, Bronx County (Veronica G. Hummel, J.), entered February 13, 2025, which, to the extent appealed from, granted the motion of defendant Apple Square LLC and defendant/third-party plaintiff JPMorgan Chase Bank, N.A., doing business as Chase Bank (Chase), for conditional summary judgment on Chase's third-party contractual indemnification claim against defendant/third-party defendant Jones Lang LaSalle Americas, Inc., and denied Jones Lang's motion for summary judgment dismissing the complaint, third-party complaint, and all cross-claims against it, unanimously modified, on the law, to deny Apple Square and Chase's motion for conditional summary judgment on Chase's third-party contractual indemnification claim against Jones Lang, and otherwise affirmed, without costs.

This personal injury action stems from plaintiff's trip-and-fall on a metal rod in the parking lot of a property owned by Apple Square and leased to Chase, which contracted with Jones Lang to manage the property. As relevant here, Chase and Jones Lang's contract obligates Jones Lang to indemnify Chase for "any and all Losses and threatened Losses due to third[-]party claims to the extent arising from or in connection with . . . [a]ny claim arising out of negligent, willful or reckless acts or omissions of or by" Jones Lang. Thus, the contractual duty to indemnify Chase was triggered by plaintiff's allegations linking her injuries to Jones Lang's allegedly negligent maintenance work on the property (see Vitucci v Durst Pyramid LLC, 205 AD3d 441, 445 [1st Dept 2022]; Choudhury v Terrace on the Park, LLC, 228 AD3d 530, 531 [1st Dept 2024]).

Nevertheless, summary judgment, conditional or otherwise, on Chase's third-party contractual indemnification claim against Jones Lang should have been denied as premature as Chase failed to establish its freedom from active negligence and that it was (or could be) held liable only by virtue of statutory liability (see Correia v Professional Data Mgt., 259 AD2d 60, 65 [1st Dept 1999]).

However, Supreme Court correctly denied Jones Lang's separate motion for summary judgment dismissing the complaint as against it. As correctly pointed out by Apple Square and Chase, the motion was untimely by 57 days, and Jones Lang's excuse, offered for the first time in its reply papers, that it mistakenly believed that the rules of the prior Justice to which the case had been assigned applied is a mere perfunctory claim of law office failure, an excuse that is insufficient to constitute good cause under CPLR 3212 (see Appleyard v Tigges, 171 AD3d 534, 535-536 [1st Dept 2019]; Giudice v Green 292 Madison, LLC, 50 AD3d 506, 506 [1st Dept 2008]).

THIS CONSTITUTES THE DECISION AND ORDER

OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 12, 2026