■ In the Matter of JOSEPH A. ROSS, Appellant, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [693 NYS2d 649] —Spain, J. Appeal from a judgment of the Supreme Court (Keegan, J.), entered March 4, 1998 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

Although petitioner commenced this proceeding pursuant to CPLR article 78, the relief he seeks is declaratory and injunctive. Respondents moved to dismiss the petition based upon lack of personal jurisdiction and failure to state a cause of ac-

tion. Finding insufficient allegations of irreparable harm, Supreme Court granted the motion, resulting in this appeal by petitioner.

Petitioner alleges that he has "multiple degenerative maladies of both knees" and that respondents have violated medical restrictions and Federal court orders prohibiting the use of leg restraints. According to petitioner, the cause of action he asserts is based upon respondents' violation "of his Eighth Amendment rights by [their] attempts to use mechanical restraints contrary to longstanding medical prohibitions". Petitioner's allegations and the documentary evidence he relies on provide no basis for a claim under the 8th Amendment, which requires a showing that there has been deliberate indifference to his serious medical needs (*see, Matter of Allah v White*, 243 AD2d 913).

Petitioner relies on a prohibition of the use of shackles on petitioner which was apparently imposed only during the pendency of his Federal civil rights action. That action was dismissed in 1992, however, with the court noting that "there is much conflict in the record concerning both the severity of [petitioner's] medical problems and the treatment or therapy he should receive" (*Ross v Kelly*, 784 F Supp 35, 45, *affd without opn* 970 F2d 896, *cert denied* 506 US 1040). There is nothing in the petition or supporting documents to demonstrate that the prohibition survived the dismissal of the action.

Petitioner also relies on an order entered in another Federal action, but that order was limited to a single instance in 1994 when petitioner was to be transported to a specific facility for a deposition. The prohibition contained in that order was apparently based upon an opinion of the Department of Correctional Services' Regional Medical Director Robert Hentschel who concluded that, while petitioner could travel to the facility, his medical condition precluded the use of handcuffs, shackles or waist chains during transportation. Subsequently, however, Hentschel revised his opinion and concluded that petitioner should be transported in leg irons only, with no mechanical restraints on his upper extremities. Hentschel confirmed his recommendation that petitioner be transported in leg irons only by letter dated May 13, 1996.

Petitioner contends that because his knee problems are degenerative, it is not possible for his condition to have improved and, therefore, Hentschel had no basis to change his opinion. Other than petitioner's conclusory allegations, however, there is no evidence in the petition or supporting documents to demonstrate the nature and severity of petition-

er's knee problems or to support petitioner's claim that improvement of his condition was not possible. Nor is there any evidence that the use of leg restraints has any long-term adverse impact on the condition of his knees.

The petition and supporting documents are devoid of any evidence to establish that respondents' use of leg restraints represents a deliberate indifference to petitioner's serious medical needs. There is, therefore, no basis for petitioner's 8th Amendment claim and, accordingly, the judgment dismissing the petition must be affirmed.

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.