In the Matter of JOHNATHAN JOHNSON, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [736 NYS2d 284] —Crew III, J. Appeal from a judgment of the Supreme Court (Castellino, J.), entered February 5, 2001 in Chemung County, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to prohibit and/or compel certain practices at Southport Correctional Facility.

Petitioner commenced this proceeding pursuant to CPLR article 78 to challenge certain practices purportedly taking place at Southport Correctional Facility in Chemung County where he is incarcerated. Specifically, petitioner alleged that facility staff assaulted inmates, denied or delayed medical treatment for inmates, improperly applied waist restraints and routinely retaliated against inmates who filed grievances. Petitioner thereafter moved for a preliminary injunction and to certify the proceeding as a class action, and respondents crossmoved to dismiss the petition for failure to exhaust administrative remedies and/or state a cause of action. Supreme Court denied petitioner's respective motions and granted respondents' cross motion, prompting this appeal.

We affirm. As a starting point, the record reflects that with the exception of one particular grievance, the denial of which petitioner does not challenge on this appeal, petitioner failed to exhaust his administrative remedies. Moreover, even assuming that petitioner was able to clear this procedural hurdle, dismissal nonetheless would be required as the underlying petition fails to state a cause of action. A petition in a special proceeding must comply with the pleading requirements applicable to a complaint in a civil action (*see,* CPLR 402), including the requirement that the pleading contain allegations "sufficiently particular to give the court and the parties notice of

the transactions [or] occurrences * * * intended to be proved and the material elements of each cause of action or defense" (CPLR 3013). In our view, the conclusory and generalized statements contained in the petition, which are unsupported by any specific factual allegations, fall far short of meeting the requirements of CPLR 3013 and, as such, the petition was properly dismissed (see generally, Matter of Ross v Goord, 262 AD2d 883, appeal dismissed 93 NY2d 1039). Petitioner's remaining contentions have been examined and found to be lacking in merit.

Mercure, J.P., Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.