■ ANNA CORCHADO, Respondent, v CITY OF NEW YORK, Defendant, and CONSOLIDATED EDISON COMPANY OF NEW YORK, Inc., Defendant and Third-Party Plaintiff-Respondent. THE HALLEN CONSTRUCTION Co., INC., Third-Party Defendant-Appellant. [883 NYS2d 33]—

Order, Supreme Court, New York County (Paul G. Feinman, J.), entered March 18, 2008, which, in an action for personal injuries sustained in a trip and fall over a pothole allegedly created by the negligence of defendants City or Consolidated Edison, and a third-party action by Consolidated Edison against its contractor (Hallen), insofar as appealed from, denied, as untimely, Hallen's motion for summary judgment dismissing the complaint and third-party complaint, unanimously affirmed, without costs.

The parties' so-ordered stipulation clearly provided that summary judgment motions were "to be filed" within 60 days of the filing of the note of issue. Since the note of issue was filed on October 24, 2007, summary judgment motions were to be filed by December 23, 2007. While Hallen served its motion on December 21, 2007, it did not file the motion until January 4, 2008. Plaintiff's opposition asserted the untimeliness of Hallen's motion, to which Hallen replied that its motion was timely because served within 90 days of the filing of the note of issue. We reject Hallen's argument that CPLR 3212 (a) authorizes a court to set a deadline only for the making, i.e., service, not the filing, of summary judgment motions (*see e.g. Corbi v Avenue Woodward Corp.*, 260 AD2d 255, 255 [1999]) because the parties, with the court's consent, were free to chart a procedural course that deviated from the path established by the CPLR (*see Katz v Robinson Silverman Pearce Aronsohn & Berman*, 277 AD2d 70, 73 [2000] ["Parties are afforded great latitude in charting their procedural course through the courts, by stipulation or otherwise" (citations omitted)]). Thus, we affirm the denial of Hallen's motion as untimely since Hallen offered no excuse for the late filing (*see Brill v City of New York*, 2 NY3d 648, 652 [2004]), and we decline to consider Hallen's contention that good cause exists to consider the motion because the parties misread the so-ordered stipulation and believed that the 60-

day deadline applied to the serving, not the filing, of summary judgment motions. That contention was raised improperly for the first time on appeal. In view of the foregoing, we decline to reach the merits of Hallen's motion. Concur—Andrias, J.P., Sweeny, McGuire, Acosta and Richter, JJ.