Reeps v BMW of N. Am., LLC (2018 NY Slip Op 02907)





Reeps v BMW of N. Am., LLC


2018 NY Slip Op 02907


Decided on April 26, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2018

Mazzarelli, J.P., Kapnick, Kahn, Kern, Singh, JJ.


100725/08 6400A 6400

[*1] Sean Reeps, etc., Plaintiff-Respondent,
v
BMW of North America, LLC, et al., Defendants-Appellants.


Biedermann Hoenig Semprevivo, P.C., New York (Philip C. Semprevivo, Jr. of counsel), for BMW appellants.
Lawrence, Worden, Rainis & Bard, P.C., Melville (Leslie McHugh of counsel), for Martin Motor Sales, Inc., appellant.
Brill & Associates, New York (Haydn J. Brill of counsel), for Hassel Motors, Inc., appellant.
Phillips & Paolicelli LLP, New York (Steven J. Phillips of counsel), for respondent.



Orders, Supreme Court, New York County (Kathryn E. Freed, J.), entered May 1, 2017, which denied defendants' motions for summary judgment as untimely filed, unanimously reversed, on the law, without costs, and the matter remanded for further proceedings consistent herewith.
Prior court orders and stipulations between the parties show that the parties, with the court's consent, charted a procedural course that deviated from the path established by the CPLR and allowed for defendants' filing of this round of summary judgment motions more than 120 days after the filing of the note of issue (see Corchado v City of New York, 64 AD3d 429 [1st Dept 2009]). Thus, the motions were timely, and we remand the matter to the motion court for a full consideration of their merits (see Fomina v DUB Realty, LLC, 156 AD3d 539 [1st Dept 2017]).
In considering the merits, the court should consider plaintiff's new and recast expert affidavits submitted in opposition to the motions, which were first filed in 2016 (see CPLR 3212[b]), after holding a hearing in accordance with Frye v United States (293 F 1013 [1923]) to determine whether the expert affidavits on exposure and general causation (see Parker v Mobil Oil Corp., 7 NY3d 434, 448 [2006]) are adequately supported in the medical and scientific literature.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 26, 2018
CLERK