Mateo v 63,65 & 67 W. 107th St. Condominium (2024 NY Slip Op 24123)

[*1]

Mateo v 63,65 & 67 W. 107th St. Condominium

2024 NY Slip Op 24123

Decided on April 23, 2024

Supreme Court, New York County

Schumacher, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on April 23, 2024
Supreme Court, New York County

Argentina Mateo, Plaintiff,

against
The 63, 65 & 67 W. 107th Street Condominium and NEW BEDFORD MANAGEMENT CORP, Defendants.

Index No. 151025/2021

Lesch & Lesch, P.C. (David P. Lesch of counsel), for plaintiff.
Foran Glennon Palandech Ponzi & Rudloff P.C. (Wanda E. Bradley of counsel), for defendants.

Eric Schumacher, J.

NYSCEF doc nos. 48-68 were read on this motion for summary judgment.
Motion by defendants pursuant to CPLR 3212 for summary judgment denied as untimely.
BACKGROUND
Plaintiff commenced this action on January 29, 2021, by filing the summons and complaint (NYSCEF doc no. 1). On August 17, 2021, plaintiff filed an RJI re: motion seq. no. 001 together with a request for a preliminary conference (NYSCEF doc nos. 11, 15). The prior motion court, which had a part rule providing that summary judgment motions must be filed within 120 days of the filing of the note of issue, granted the unopposed motion for leave to file an amended complaint in an order filed January 24, 2022, yet never conferenced the case.
As is relevant here, court administration reassigned this case to this court in early 2023. This court's part rules were online as of February 9, 2023, specifying that "[a]ll summary judgment motions must be filed within 60 days of the filing of the note of issue" (Part 23 R. III[G]). On April 3, 2023, this court issued a "Discovery Conference Notice -From Court" which stated that "[a]n In person Preliminary Conference has been scheduled in IAS Part 23, at 71 Thomas Street, Room 311, on Monday April 24th 2023, at 2:15pm, before the Honorable Eric Schumacher" [sic] (NYSCEF doc no. 23). This court issued its preliminary conference order, dated April 24, 2023, and provided that "[a]ny dispositive motion(s) shall be filed within 60 days of the filing of the [note of issue]" (NYSCEF doc no. 24 at 2). The court's subsequent [*2]compliance and status conference orders dated June 28, 2023, and October 25, 2023, respectively, set forth the same order and directive (NYSCEF doc nos. 25, 28).
On December 29, 2023, plaintiff filed the note of issue (NYSCEF doc no. 29).
On February 27, 2024, defendants filed an "affidavit or affirmation in support" and exhibits A to P (NYSCEF doc nos. 31-47). The preceding NYSCEF document number 30 is not available and the row value for "Document is "*** DELETED ***" with the court's "Deleted" watermark appearing throughout the NYSCEF row. On March 1, 2024, at 9:23 a.m., an internal court user issued the following comment:
"30 - NOTICE OF MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT
"This document was filed using the incorrect document type; therefore it is being removed from the record. Please file your Notice of Motion using document type "Notice of Motion" and pay the and pay the associated filing fee. Thank you. [sic]"
(Available at https://iapps.courts.state.ny.us/nyscef/Comments?docketId=bKTS35t10lIDbDTDNlN2wQ==, last accessed April 22, 2024, at 10:32 a.m.)
On March 1, 2024, at 12:10 p.m., defendants filed this motion for summary judgment (NYSCEF doc no. 48; see also Confirmation Notice, available at https://iapps.courts.state.ny.us/nyscef/ConfirmationNotice?docId=pa/ddlPVsxSgQPz4KLaOqA==, last accessed April 22, 2024, at 10:38 a.m.). Defendants affirm in support of the motion that "[p]ursuant to Part 23 Local Rules, summary judgment motions must be filed within sixty (60) days of the filing of the Note of Issue. Therefore, any summary judgment motion must be filed on or before February 27th, 2024. Thus, this motion is therefore timely." (Affirmation of Bradley ¶ 14.)
On March 26, 2024, plaintiff emailed the clerk of the part concerning obtaining an adjournment of the motion and was informed only to seek the direction of the assigned judge if the motion had passed the 60-day rule. That same day, plaintiff filed the stipulation to adjourn the motion in the submissions part, and that part rejected the request as the proposed return date of June 30, 2024, was more than 60 days after the original return date of April 2, 2024 (NYSCEF doc nos. 66, 67). The submissions part provided a courtesy adjournment of the motion to April 19, 2024, anything further to be granted by the assigned judge. On March 27, 2024, plaintiff filed a "stipulation - other — ( request to so order )" as to the proposed adjournment. On April 18, 2024, at 1:43 p.m., plaintiff again emailed the clerk of the part inquiring as to the so-ordering of the stipulation filed March 27, 2024. The court replied the same day, at 3:33 p.m., stating,
"Counselors,
The request is denied as there is no reason given for eleventh-hour request for adjournment. Further the part's rules provide that stipulations with requests to so order must be filed and emailed to the part before they are properly before the court. This was not done until today and that the request was filed on March 27, 2024 is of no moment.
"The court will permit the parties to stipulate to withdraw the motions and refile them if necessary after completion of the settlement part proceedings, within 60 days of completion of the proceedings."
No stipulation to withdraw the motions was filed, and the motion was marked fully submitted, no opposition on April 19, 2024.
DISCUSSION
CPLR 3212(a) requires that motions for summary judgment be filed by a date set by the court, unless none is set, "except with leave on good cause shown." "'[G]ood cause' in CPLR 3212(a) requires a showing of good cause for the delay in making the motion—a satisfactory explanation for the untimeliness—rather than simply permitting meritorious, nonprejudicial filings, however tardy" (Brill v City of New York, 2 NY3d 648, 652 [2004]; see also Jarama v Liberty Ave. Hous. Dev. Fund Corp., 161 AD3d 691, 692 [1st Dept 2018] [applying the rule to cross motions]). A movant's "failure to appreciate that its motion was due . . . is no more satisfactory than a perfunctory claim of law office failure" (Giudice v Green 292 Madison, LLC, 50 AD3d 506, 506 [1st Dept 2008] [internal quotation marks omitted]). "No excuse at all, or a perfunctory excuse, cannot be 'good cause'" (Baram v Person, 205 AD3d 470, 471 [1st Dept 2022], citing Brill at 652; see also Rahman v Domber, 45 AD3d 497 [1st Dept 2007]).
Here, the deadline set by this court in its part rules for the filing of all summary judgment motions was 60 days from the filing of the note of issue. The note of issue was filed on Friday, December 29, 2023. 60 days from the filing of the note of issue was February 27, 2024. The motion for summary judgment was filed on Friday, March 1, 2024. That is 63 days from the filing of the note of issue. As such, the motion is untimely.
Moreover, defendants have not shown good cause for their untimeliness. The Appellate Division, First Department has held that good cause is not found where movants fail to file their summary judgment motions by the deadline set forth in a rule or order of the assigned judge before whom the motion is pending (see Appleyard v Tigges, 171 AD3d 534, 536 [1st Dept 2019]). In Appleyard, the prior judge's part rules gave the parties 120 days from the filing of the note of issue to file any dispositive motions. The note of issue was filed on December 16, 2016, while the case was still assigned to that prior judge. On December 31, 2016, that judge retired, and the case was administratively reassigned to a new judge on January 7, 2017. That new judge's part rules required dispositive motions be filed no later than 60 days from the filing of the note of issue, or February 14, 2017. The defendants filed their motions for summary judgment on March 29, 2017, 103 days after the filing of the note of issue. The trial court denied the motions as untimely, and the Appleyard Court affirmed, holding that "[d]efendants' failure to inform themselves of the identity of the new judge and her part rules does not constitute good cause for failing to adhere to them" (at 536).
The procedural history of Appleyard as to its discovery conferencing is something of an anachronism today. In the underlying case, originally commenced in 2014, neither the preliminary conference order nor any of the subsequent discovery conference stipulations set forth any written order or directive concerning the timing of summary judgment motions (index no. 24491/2014E, NYSCEF doc nos. 26-31). At present, the standard court discovery conference forms all have pre-typed verbiage concerning the timing of summary judgment motions, with a blank for the assigned judge to fill a number (e.g., 60) from after the filing of the note of issue.
The broad language of the holding in Appleyard was circumscribed in Lopez v Metropolitan Transit Authority (191 AD3d 508 [1st Dept 2021]). In the underlying decision and order, the motion court stated,
"Defendants argue that they were confused about the summary judgment deadline because the prior judge's rules and the preliminary conference order provided 90 days for filing summary judgment motions. However, this is insufficient to demonstrate good cause for the belated filing. Appleyard v. Tigges, 171 AD3d 534, 536 (1st Dep't 2019). Thus, the defendants' motion and the plaintiff's cross-motion for summary judgment must be denied as untimely."
(Lopez v Metropolitan Trans. Auth., 2019 WL 2357542 *1 [Sup Ct, NY County 2019]). While not mentioning Appleyard in its decision, the Appellate Division, First Department held in its order reversing (191 AD3d at 508) that,
"Defendants' motion for summary judgment was timely since it was filed within the time period provided in the preliminary conference order. That deadline is controlling, despite the transfer to another Justice with part rules shortening the time, given no subsequent order or directive explicitly providing otherwise (see Encore I, Inc. v Kabcenell, 160 AD3d 450 [1st Dept 2018]; Freire-Crespo v 345 Park Ave. L.P., 122 AD3d 501 [1st Dept 2014])."
The Appleyard Rule may therefore apply where there has been a change in the judge assigned, whether before or after the filing of the note of issue. The relevant inquiry is whether there had ever been a preliminary conference order (or, presumably, another order or directive from a prior court, such as within a compliance or status conference order) or if the prior court relied on its part rules, only, as to the timing of summary judgment motions.
If the prior court relied on part rules, only, as to setting forth the timing of motions for summary judgment, then any deadline pursuant to the prior court's part rules is superseded at the time of the assignment by any part rule of the newly assigned judge concerning the timing of summary judgment motions.
If the prior court issued an order or directive concerning the timing of summary judgment motions, then any prior deadline is superseded on the issuance of a subsequent order or directive explicitly providing otherwise, such as by setting forth a different timing pursuant to the new court's part rules (see e.g. index no. 157508/2021, NYSCEF doc no. 33 [linking a copy of this part's rules, directing that all parties familiarize themselves with the rules, and advising all parties that they are "deemed on notice of the rules and are directed to abide by them", where the prior motion court issued a preliminary conference order providing for a 120-day deadline and the new rules of this court set forth a 60-day deadline]). Yet it is axiomatic that, if the time to file under the new judge has run prior to the assignment, the Appleyard Rule is inapplicable (see Crawford v Liz Claiborne, Inc., 11 NY3d 810, 813 [2008]).
All parties to an action are on notice of all NYSCEF filings and must always be familiar with and abide by the assigned judge's part rules. This court's part rules require all summary judgment motions to be filed within 60 days of the filing of the note of issue, while the prior court's part rules provided for a 120-day deadline. Further it was this court, not the prior motion court, that issued all discovery conference orders in this case, and in all such orders set forth a 60-day deadline. As such, the motion is untimely and, applying the Appleyard Rule to the facts of this case, there is no good cause shown as to the untimeliness of the motions.
Further and concerning the filing of motion papers without a valid notice of motion on [*3]the deadline for filing summary judgment motions, that is of no moment. Despite timely service of moving papers on the opposing party, all material parts of a motion for summary judgment must be filed timely or the motion will not be considered (see Corchado v City of New York, 64 AD3d 429, 429 [1st Dept 2009]; see also Montoya v Chelsea Operating, Inc., 2019 WL 2211041 *3 [Sup Ct, NY County 2019, Kalish, J.]). Here, the court finds it is beyond cavil that a timely filed and paid for notice of motion is a material part of the filing of a motion for summary judgment. Whatever was filed on February 27, 2024, at NYSCEF document number 30 is no longer accessible and in any event was never properly before the court. There can be no dispute that defendants failed to file a valid notice of motion timely, and the other documents filed on February 27, 2024, while served on plaintiffs timely, are not a part of a timely filed motion. Further in the affirmation in support submitted defendants fail to address the late filing. As such, the court finds that the motion is untimely filed in material part.
As to the correspondence from the court concerning adjourning the motion for opposition papers and permitting submission of a stipulation to withdraw the motion and refile it later, those issues are now academic. The court notes though that at the time of the correspondence this motion was not yet before it and, on evaluation of the fully submitted motion, it is apparent the motion is untimely and no refiling would be necessary or helpful. And while the issues may no longer be resolved or simplified by summary judgment, the case is on in the early settlement part on May 6, 2024. As such, what will happen next is that the parties will either settle the case or proceed to trial.
CONCLUSION
Accordingly, it is
ORDERED that the motion is denied as untimely; and it is further
ORDERED that, within five days of entry, plaintiff shall serve a copy of this order with notice of entry on defendants.
The foregoing constitutes the decision and order of the court.
DATE 4/23/2024
ERIC SCHUMACHER, J.S.C.