| **Chao v Burges** |
| --- |
| 2024 NY Slip Op 32590(U) |
| July 24, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 654164/2021 |
| Judge: Emily Morales-Minerva |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    **HON. EMILY MORALES-MINERVA**          PART          **42M**
                                    *Justice*

-------------------------------------------------------------------------X     INDEX NO.          654164/2021

STEPHEN CHAO, MARIANN MADRON

                                        Plaintiff,          **MOTION DATE**          02/21/2024

                        - v -

ANTHONY BURGES,                                           **MOTION SEQ. NO.**          004

                                        Defendant.          **DECISION + ORDER ON**
-------------------------------------------------------------------------X          **MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158

were read on this motion to/for          SUMMARY JUDGMENT (AFTER JOINDER)          .

APPEARANCES:

> The Law Office of Theodore Geiger, PLLC, New York, New York (Theodore Geiger, Esq., of counsel) for Plaintiffs.

> The Kimmel Law Firm, New York, New York (Brian S. Kimmel, Esq., of counsel), for Defendant.

HON. EMILY MORALES-MINERVA:

In this action for fraud and promissory estoppel, plaintiffs STEPHEN CHAO and MARIANN MADRON ("Plaintiffs") move, pursuant to CPLR § 3212, for an order granting them summary judgment and, pursuant to CPLR § 3211, for an order dismissing the affirmative defenses and counterclaim of defendant ANTHONY BURGES ("Defendant"). Defendant submitted opposition, which the Court declines to consider as untimely and without proffered good cause (see generally Corchado

v City of New York, 64 AD3d 429 [1st Dept 2009]; see also Brill v City of New York, 2 NY3d 648, 652 [2004]).

However, for the foregoing reasons, the Court denies plaintiffs' motion for summary judgment in its entirety and grants plaintiffs' motion to dismiss defendant's affirmative defenses and counterclaim, in part, to the extent of dismissing the counterclaim and certain affirmative defenses, and otherwise denies the motion.

## BACKGROUND

Plaintiffs STEPHAN CHAO and MARIANN MADRON, a married couple, and defendant ANTHONY BURGES are acquaintances as their "daughters attended school together" (NY St Courts Elec Filing [NYSCEF] Doc. No. 109, Affidavit, p. 2). Around 2017, plaintiffs and defendant began investing in real estate projects involving the development of certain properties into residential housing. According to the affidavit of plaintiff STEPHAN CHAO -- the only affidavit in support of this motion for summary judgment -- defendant ANTHONY BURGES fraudulently induced the couple to give him $275,900.00 to develop properties that defendant never owned and to establish limited liability companies that defendant never established.

However, things soured between the parties, when plaintiff STEPHAN CHAO visited one of the development sites to discover that it was a vacant lot. Also, plaintiff STEPHAN CHAO contends that a

654164/2021  CHAO, STEPHEN ET AL vs. BURGES, ANTHONY
Motion No. 004

Page 2 of 19

INDEX NO. 654164/2021

RECEIVED NYSCEF: 07/25/2024

third-party informed him that defendant ANTHONY BURGES did not own another one of the properties in which plaintiffs allegedly invested funds. These events, among others, led to plaintiffs becoming suspicious and distrustful of ANTHONY BURGES.

Eventually, in April of 2018, plaintiffs requested defendant return their investment (see NYSCEF No. 002, Complaint at ¶ 20, 22). From then through February 2019, the parties allegedly exchanged numerous letters, e-mails, text messages and phone calls (see NYSCEF Doc. No. 002, Complaint at ¶ 22, 24, 28, 30-36, 39, 43). However, plaintiffs represent defendant never returned their monies.

Accordingly, on July 1, 2021, plaintiffs **filed** the instant complaint. As defendant failed to submit an **answer**, plaintiffs then filed a motion (seq. no. 001) for leave to enter a default judgment **against** Defendant, pursuant to CPLR § 3215. The Court (N. Bannon, J.S.C.) denied said motion without prejudice to renewal, as plaintiffs' application was not supported by an affirmation or affidavit of someone with personal knowledge of the underlying facts (see NYSCEF Doc. No. 32, Decision and Order, N. Bannon, J.S.C.).

On August 10, 2022, plaintiffs renewed their application for a default judgment (motion seq. no. 002). Defendant filed opposition and a cross-motion, requesting permission to file a late answer to the complaint, annexing the proposed answer.

**654164/2021  CHAO, STEPHEN ET AL vs. BURGES, ANTHONY**
**Motion No.  004**

**Page 3 of 19**

[* 3]

Upon review of the submissions, the Court (N. Bannon, J.S.C.) denied plaintiffs' renewed motion for leave to enter a default judgment and granted defendant's cross-motion to compel plaintiffs' acceptance of the late answer, deeming the answer timely served (see NYSCEF Doc. No. 78, Decision and Order, November 4, 2022, N. Bannon J.S.C.).

Defendant's answer interposes twenty-one (21) affirmative defenses to the allegations in the complaint (the "Affirmative Defenses") and asserts one (1) counterclaim (the "Counterclaim") for attorneys' fees in the amount of $10,000.00 (see NYSCEF Doc. No. 71, Answer with Counterclaim).

On January 19, 2023, the Court (N. Bannon, J.S.C.) issued a preliminary conference order, setting forth specific discovery deadlines (NYSCEF Doc. No. 80, Preliminary Conference Order).

Months later, at the compliance conference, the same justice determined that defendant failed to respond to plaintiffs' document requests, interrogatories, or requests for admission (NYSCEF Doc. No. 80, Compliance Conference Order, May 11, 2023). Accordingly, the Court (N. Bannon, J.S.C.) ordered defendant to serve document responses and respond to discovery demands by May 31, 2023 (id.).

However, defendant again failed to comply with the Court's order. Consequently, on June 16, 2023, plaintiffs moved (motion seq. no. 003) for an order to compel discovery or impose sanctions

654164/2021  CHAO, STEPHEN ET AL vs. BURGES, ANTHONY
Motion No. 004

Page 4 of 19

4 of 19

for defendant's failure to provide discovery as per the Court's orders, dated January 19, 2023, and May 11, 2023 (see CPLR §§ 3124 and 3126).

Pending the motion, the Court (N. Bannon, J.S.C.) held a status conference and issued a third order, directing defendant to respond to plaintiffs' previously served document demands and interrogatories, within thirty (30) days (NYSCEF Doc. No. 100, Status Conference Order, August 03, 2023). The order included notice to defendant that noncompliance would result in defendant being precluded from offering any evidence in support of his affirmative defenses (id.). Later, the same justice issued an order on plaintiffs' motion to compel or to sanction, granting it to the extent set forth in the status conference order and otherwise deeming the motion resolved (see NYSCEF Doc. No. 101, Decision and Order, August 4, 2023, N. Bannon J.S.C.).

Again, defendant failed to comply with the discovery deadline. Accordingly, following a status conference, the Court (N. Bannon, J.S.C.) issued an order, finding that defendant had not complied with the Court's order compelling discovery and precluding defendant from offering any evidence in support of his affirmative defenses (NYSCEF Doc. No. 106, Status Conference Order, December 7, 2023 [emphasis added]).

654164/2021  CHAO, STEPHEN ET AL vs. BURGES, ANTHONY

Motion No. 004

Page 5 of 19

5 of 19

Shortly thereafter, on December 29, 2023, plaintiffs filed Note of Issue (see NYSCEF Doc. No. 107), followed by the subject motion (seq. no. 004), on February 21, 2024.

In this motion, plaintiffs seek an order, pursuant to CPLR § 3212, granting them summary judgment, and an order, pursuant to CPLR § 3211, granting them dismissal of defendant's twenty-one affirmative defenses and single counterclaim.

On March 8, 2024, defendant filed an application for an adjournment of the motion (NYSCEF Doc. No. 143), which plaintiffs opposed. Over said objection, this Court granted defendant's application, adjourning the return date on the motion to April 5, 2024, and ordering defendant's opposition papers due by March 29, 2024 (NYSCEF Doc. No. 144).

Defendant failed to meet yet another deadline and, without leave of the Court, counsel for the parties submitted a signed stipulation, dated April 5, 2024, consenting to an adjournment of the motion to April 19, 2024, and to an extension of defendant's time to file opposition to April 8, 2024 (NYSCEF Doc. No. 147).

Despite the parties' stipulation, defendant filed his opposition late (NYSCEF Doc. No. 148, Opposition, April 11, 2024), and plaintiffs now oppose consideration of defendant's opposition on this ground.

## ANALYSIS

### *Defendant's Opposition*

The Court first addresses the dispositive issue concerning defendant's untimely opposition. The parties' stipulation clearly provides that defendant was to file his written opposition by April 08, 2024. Further, defendant failed to meet that deadline, even if only by a few days, and defendant presents no good cause for the late filing. Therefore, the Court declines to consider defendant's submission (see generally Brill, 2 NY3d at 652 [2004].

Statements that defendant is incarcerated, and that defendant's wife is sick are insufficient excuses; defendant has long been incarcerated, including during the time counsel of record entered the subject stipulation, and during the time that this Court granted defendant's initial application for an extension over plaintiff's objection. Further, there is no showing that defendant's wife in any way affected the ability of defendant -- who is represented by counsel -- to timely prepare the opposition papers.

The parties were free to chart the procedural course that deviated from the path of CPLR and shall be held to it (see Corchado v City of New York, 64 AD3d 429, 429 [1st Dept 2009]).

**654164/2021  CHAO, STEPHEN ET AL vs. BURGES, ANTHONY**
**Motion No. 004**

**Page 7 of 19**

*Motion for Summary Judgment*

On a motion for summary judgment, the moving party must 'make a prima facie showing of entitlement to judgment as a matter of law, tendering [evidentiary proof in admissible form] to demonstrate the absence of any material issues of fact'" (Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP, 26 NY3d 40, 49 [2015], citing Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; CPLR § 3212[b]; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1066, [1979] [providing movant must support the subject application with "'evidentiary proof in admissible form'"]). Further, it is black letter law that such proof shall include the "affidavit" of a person having **personal** knowledge of the facts, "a copy of the pleadings" and "other available proof, such as depositions and written admissions" (CPLR § 3212 [b]).

The court must view the facts in the light most favorable to the non-movant, giving it the benefit of all reasonable inferences (De Lourdes Torres v Jones, 26 NY3d 742 [2016]). If the moving party establishes, the non-moving party then has the burden "'to establish the existence of [factual issues] which require a trial of the action'" (id., citing Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012], quoting Alvarez, 68 NY2d at 324).

654164/2021  CHAO, STEPHEN ET AL vs. BURGES, ANTHONY

Motion No. 004

Page 8 of 19

While the movant's burden on a summary judgment motion is generally a high one, matters like fraud and promissory estoppel, as here, prove even more difficult to warrant such relief.

A prima facie case of fraud must include a showing of "misrepresentation or concealment of a material fact, falsity, scienter on the part of the wrongdoer, justifiable reliance and resulting injury" (Basis Yield Alpha Fund (Master) v Goldman Sachs Grp, Inc., 115 AD3d 128, 135 [1st Dept 2014]). As the applicable standard requires consideration of "motive, intent, and subjective feelings," fraud claims are generally ill suited for summary judgment (Bank Hapoalim (Switzerland) Ltd. v Banca Intesa S.P.A., 22 Misc3d 1104[A], *2 [Sup Ct, NY County 2008]).

Indeed, "[c]ourts have traditionally held that summary judgment is inappropriate to resolve complicated questions of motive and intent . . ." (McManus v Grippen, 244 AD2d 632, 634 [3d Dept 1997]; Bank of India v Weg & Myers, P.C., 257 AD2d 183, [1st Dept 1999] [holding that unresolved factual issues regarding intent and motive preclude summary judgment on fraud claim]; Grumman Aerospace Corp v Rice, 199 AD2d 365, 366 [2d Dept 1993] [holding: "[t]he determination of . . . intent is ordinarily a question of fact which cannot be resolved on a motion for summary judgment"]).

Similarly, as here, "[a] party relying upon promissory estoppel must demonstrate that there was a clear and unambiguous promise upon

654164/2021  CHAO, STEPHEN ET AL vs. BURGES, ANTHONY

Motion No. 004

Page 9 of 19

9 of 19

which it reasonably and detrimentally relied" (Clifford R. Gray, Inc. v LeChase Const. Services, LLC, 31 AD3d 983, 986 [3d Dept 2006]; see Rusi Holding Corp. v Inner City Elevator, 192 AD3d 441 [1st Dept 2021]. "The question of what constitutes reasonable reliance is always nettlesome because it is so fact-intensive" (DDJ Mgt., LLC v Rhone Group LLC, 15 NY3d 147 [2010]; see MBIA Ins. Co. v GMAC Mtge. LLC, 30 Misc3d 856 [Sup Ct, NY County 2010]).

Applying these principals here, plaintiffs have not met their burden. In support of their motion for summary judgment, plaintiffs provide only the affidavit of plaintiff STEPHEN CHAO, as a person with personal knowledge. However, the affidavit itself includes information from third parties, not from direct knowledge. Further, while pointing to the attached exhibits for support, the exhibits attached to the affidavit are not in evidentiary form.

Instead, they appear as a smorgasbord, including, but not limited to, screen shots, e-mails between counsel and plaintiff STEPHEN CHAO, copies and/or scans of documents that are either blurry or incomplete, copies of agreements that are unsigned and unauthenticated, and unofficial transcripts of calls between plaintiff STEPHEN CHAO and defendant ANTHONY BURGES (see NYSCEF Doc. Nos. 115 – 140). Among other things, none of these exhibits are certified or subject to any foundational showing.

Further, plaintiff STEPHEN CHAO's supporting affidavit present

654164/2021  CHAO, STEPHEN ET AL vs. BURGES, ANTHONY

Motion No. 004

Page 10 of 19

10 of 19

[* 10]

issues of credibility that "should not be decided by the court [on a motion for summary judgment] but should be left to the trier of fact" (Sacher by Sacher v Long Island Jewish-Hillside Med. Ctr., Inc., 142 AD2d 567, 568 [2d Dept 1988]; see MP Cool Investments Ltd v Forkosh, 142 AD3d 286 [1st Dept 2016]). As the Court of Appeals has held: "It is not the function of a court deciding a summary judgment motion to make credibility determinations or findings of fact, but rather to identify material triable issues of fact or point to the lack thereof" (Vega, 18 NY3d at 505 [2012]; see Art Capital Group, LLC v Rose, 149 AD3d 447 [1st Dept 2017]).

Additionally, the Court is unable to determine, on the motion papers alone, whether defendant intended to deceive and manipulate plaintiffs; the level of plaintiffs' sophistication as investors in the real estate market; and whether plaintiffs' blind reliance on defendant and defendant's representations were reasonable or justifiable (see DeRossi v Rubinstein, 233 AD2d 220 [1st Dept 1996] [issues of fact exist as to plaintiffs' sophistication as investors and their reliance on defendant for tax and investment advice]; see also Bennett v Bennett, 223 AD3d 1013, 1016 [3d Dept 2024] [whether plaintiffs justifiably relied on defendant is highly fact-intensive)].

Questions of fact also exist concerning whether defendant made clear and unambiguous promises to plaintiffs, and whether plaintiffs

654164/2021  CHAO, STEPHEN ET AL vs. BURGES, ANTHONY
Motion No. 004

Page 11 of 19

reasonably relied upon the alleged promises (see Fleet Bank v Pine Knoll Corp., 290 AD2d 792 [3d Dept 2022] [question of fact as to whether party justifiably relied upon promise allegedly made]; see also Agress v Clarkstown Cent. School Dist., 69 AD3d 769 [2d Dept 2010] [triable issues of fact exist as to whether representations were made, and whether it was reasonable for plaintiff to reply upon them if they were made]).

### Motion to Dismiss Affirmative Defenses

"The standard of review on a motion to dismiss an affirmative defense pursuant to CPLR § 3211 (b) is akin to that used under CPLR § 3211 (a)(7), i.e., whether there is any legal or factual basis for the assertion of the defense" (Matter of Ideal Mut. Ins. Co., 140 AD2d 62, 67 [1st Dept 1988]). "On a motion to dismiss affirmative defenses pursuant to CPLR § 3211 (b), the plaintiff bears the burden of demonstrating that the defenses are without merit as a matter of law" (534 E. 11th St. Hous. Dev. Fund Corp. v Hendrick, 90 AD3d 541, 541 [1st Dept 2011]). "In deciding a motion to dismiss a defense, the defendant is entitled to the benefit of every reasonable intendment of the pleading, which is to be liberally construed" (Warwick v Cruz, 270 AD2d 255 [2d Dept 2000]). However, CPLR § 3013 provides, in pertinent part, that statements in a pleading shall be sufficiently particular to give the court and parties notice of the

654164/2021  CHAO, STEPHEN ET AL vs. BURGES, ANTHONY
Motion No. 004

Page 12 of 19

12 of 19

transactions or occurrences intended to be proven and the material elements of each defense.

The first and second affirmative defenses (failure to state a cause of action) are viable. "No motion by the plaintiff lies under CPLR § 3211(b) to strike the defense of failure to state a cause of action, as this amounts to an endeavor by the plaintiff to test the sufficiency of his or her own claim" (Ochoa v Townsend, 209 AD3d 867, 868 [2d Dept 2022]; see Tribbs v 326-338 E 110th LLC, 215 AD3d 480 [1st Dept 2023]); Pump v Anchor Motor Freight, Inc. 238 AD2d 849 [3d Dept. 1988]). Accordingly, plaintiffs' application to dismiss the first and second affirmative defenses is denied.

The third affirmative defense – that plaintiffs acted in bad faith and have unclean hands - is pled as a conclusion of law without any factual support and fails to allege any specific conduct of the Plaintiffs, in the body of the answer or elsewhere. (See Long Is. Minimally Invasive Surgery, P.C. v Outsource Mktg. Sols., Inc., 33 Misc3d 1228(A) [Sup Ct, Nassau County 2011] [dismissing affirmative defense that alleges plaintiff's claim is barred by its own unconscionable acts as it is pled as a conclusion of law without any factual support]). Therefore, the third affirmative defense is insufficiently pled and is dismissed.

The fourth (unjust enrichment), fifth (statue of frauds), sixth (lack of causation), seventh (failure to mitigate), eighth (laches),

654164/2021  CHAO, STEPHEN ET AL vs. BURGES, ANTHONY
Motion No. 004

Page 13 of 19

13 of 19

ninth (waiver), eleventh (collateral estoppel and/or res judicata), fifteenth (intervening acts) and sixteenth (damages caused by other party) affirmative defenses do not state any facts whatsoever, and are completely devoid of any of the material elements of the named defenses (see Johnson v Goord, 290 AD2d 844 [3d Dept 2002] [conclusory and generalized statements which are unsupported by any specific factual allegations fall far short of meeting the requirements of CPLR § 3103]).

Further, while a defendant is not required to plead factual allegations under each specifically titled affirmative defense, factual allegations must be pled in the body of the answer sufficient to give notice to the plaintiff as to what defendant intends to provide under his defenses (see 534 E. 11th St. Hous. Dev. Fund Corp. v Hendrick, 90 AD3d 541 [1st Dept 2011]). Here, defendant did not plead factual allegations in the body of his answer sufficient to give notice of what he intends to prove under his defenses, as the answer contains blanket, boilerplate denials to the entirety of the complaint. Accordingly, the fourth, fifth, sixth, seventh, eighth, ninth, eleventh, fifteenth, and sixteenth affirmative defenses are dismissed.

Defendant sufficiently pleads the tenth affirmative defense that plaintiff's action is barred by the statute of limitations. Although defendant failed to include any applicable time period for

654164/2021  CHAO, STEPHEN ET AL vs. BURGES, ANTHONY                    Page 14 of 19
Motion No.  004

14 of 19

either cause of action, both causes of action arise from the same transactions or occurrences, and plaintiff is not prejudiced by the lack of particularity (cf. Scholastic Inc. v Pace Plumbing Corp., 129 AD3d 75, 85 [1st Dept 2015][recognizing that it is sensible to require defendants to plead statute of limitations with particularity in cases where plaintiff states multiple causes of action arising from different transactions and occurrences]). Therefore, Plaintiffs' motion to dismiss Defendant's tenth affirmative defense is denied.

The twelfth affirmative defense, that recovery is barred by documentary evidence, is dismissed, as it is a vague, conclusory, general statement that is asserted without any detail.

The thirteenth affirmative defense is sufficiently pled. Defendant alleges that pursuant to CPLR § 1001, plaintiffs have a duty to join necessary parties to the instant litigation and have failed to join the "two business entities [RCIG I & RCIG II] with whom they directly invested funds" [NYSCEF Doc. No. 71, Answer at ¶ 114-115]. These allegations give plaintiffs sufficient notice of the transactions and occurrences intended to be proven, and this defense does not lack merit.

Defendant insufficiently pleads the fourteenth affirmative defense, assumption of risk, as no factual allegations are included

654164/2021  CHAO, STEPHEN ET AL vs. BURGES, ANTHONY
Motion No. 004

Page 15 of 19

15 of 19

in the body of the answer. Accordingly, this affirmative defense shall be dismissed.

The seventeenth affirmative defense is also dismissed. While defendant alleges therein that "the Court does not have jurisdiction of the subject matter of the causes of action," the defendant is mistaken [NYSCEF Doc. No. 71, Answer at ¶ 128]. The jurisdiction of the Supreme Court is promulgated in the New York State Constitution, which bestows the court with original jurisdiction over matters in law and equity (NY Const. Art. VI, § 7[a]). The causes of action in the case at bar fit squarely into this Court's subject matter jurisdiction.

The eighteenth affirmative defense is also dismissed. While Defendant cites to CPLR § 4545 (c) as an affirmative defense, effective November 12, 2009, CPLR § 4545 no longer contains a subsection (c) (see CPLR § 4545). Neither the plaintiff nor the court ought to be required to sift through CPLR § 4545 to determine which subsection Defendant is relying upon in his defense where the supporting facts are also vague or nonexistent.

The nineteenth and twentieth affirmative defenses are also dismissed as completely blank. Finally, as defendant's twenty-first affirmative defense names an individual who is not a party to this action, it is dismissed.

654164/2021   CHAO, STEPHEN ET AL vs. BURGES, ANTHONY
Motion No. 004

Page 16 of 19

*Motion to Dismiss Counterclaim*

"On a . . . motion to dismiss for failure to state a cause of action, the complaint must be construed in the light most favorable to the plaintiff and all factual allegations must be accepted as true" (Alden Glob. Value Recovery Master Fund, L.P. v KeyBank Nat'l Ass'n, 159 AD3d 618, 621 [1st Dept 2018]; 219 Broadway Corp. v Alexander's, Inc., 46 NY2d 506 [1979]). "[O]nly a prevailing party is entitled to attorney's fees" (Nestor v McDowell, 81 NY2d 410, 415-416 [1993]). "Under the general rule, attorney's fees are incidents of litigation, and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute, or court rule" (Hooper Assoc., Ltd. V AGS Computers, Inc., 74 NY2d 487, 491 [1989]).

In defendant's answer, defendant asserts one counterclaim for attorneys' fees in the amount of $10,000 "based upon the dismissal of this action, or in the event Defendant is otherwise the prevailing party" [NYSCEF Doc. No. 71, Answer with Counterclaim at ¶ 128]. Plaintiff argues that the counterclaim must be dismissed, as it fails to point to an applicable statutory or contractual provision.

Defendant concedes that attorneys' fees are not ordinarily recovered without a relevant statutory or contractual provision, arguing that "there are circumstances that may give rise to entitlement to attorneys' fees" [NYSCEF Doc. No. 148, Opposition at

654164/2021  CHAO, STEPHEN ET AL vs. BURGES, ANTHONY

Motion No. 004

Page 17 of 19

[* 17]

¶ 82]. However, defendant cites to no such circumstance, and instead proposes two generalized hypothetical situations. Therefore, even construing the counterclaim liberally and giving defendant the benefit of every possible favorable inference, the counterclaim completely fails to allege Defendant's entitlement to attorneys' fees (see 308 W. 78th Corp. v 360 9 Rest, LLC, 115 AD3d 464, 465 [1st Dept. 2014] [lower court erred in failing to dismiss counterclaim, which lacked in factual support and was meritless on its face]). Accordingly, the counterclaim is dismissed.

Accordingly, it is hereby:

ORDERED that Plaintiffs' motion (seq. no. 004) is denied, in part, to the extent that plaintiffs' motion for summary judgment is denied in its entirety; it is further

ORDERED that plaintiffs' motion (seq. no. 004), is granted, in part, to the extent as follows:

    (i)    defendant's counterclaim is dismissed; and

    (ii)    defendant's affirmative defenses numbered third, fourth, fifth, sixth, seventh, eighth, ninth, eleventh, twelfth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, nineteenth, twentieth, and twenty-first are dismissed; it is further

ORDERED that that plaintiffs' motion (seq. no. 004) is otherwise denied; and it is further

[* 18]

ORDERED that plaintiffs shall serve defendant with notice of entry within ten days from the date of this decision and order.

This constitutes the decision and order of the court.

07/24/2024
DATE

EMILY MORALES-MINERVA, J.S.C.

CHECK ONE:

| | | |
|---|---|---|
| ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |

APPLICATION: ☐ SETTLE ORDER ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

654164/2021 CHAO, STEPHEN ET AL vs. BURGES, ANTHONY

Motion No. 004

Page 19 of 19

19 of 19