BANQUE AGRICOLE OF ROUMANIA v. UNGUREANU.

(Supreme Court, Appellate Division, First Department. July 17, 1900.)

ARREST IN CIVIL ACTION—AFFIDAVITS—SUFFICIENCY.

The German consul in New York received a cablegram from a city in Roumania, signed, "Acting German Consul S.," stating that defendant had stolen money from a bank in said city, describing him, and asked for his arrest. The sender of the message did not show any personal knowledge of the facts, and stated that it was at the request of the first state attorney. The German consul in New York made affidavit for defendant's arrest in a civil action for the alleged stolen money on information and belief as to the facts, and stated that the source of his information was the message, and that he believed it came from an official source, but did not state that he had any personal knowledge of the sender or his official capacity. *Held*, that the affidavit was not sufficient to sustain the order of arrest.

Appeal from special term.

Action by Banque Agricole of Roumania against Sieur I. N. Ungureanu to recover money wrongfully obtained. From an order denying defendant's motion to vacate order of arrest and to discharge defendant from arrest, defendant appeals. Order reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, and O'BRIEN, JJ.

Henry M. Goldfogle, for appellant.
Dulon & Roe, for respondent.

HATCH, J. The motion was made upon the summons, order of arrest, and affidavit of Alfred Geissler, upon which the order of arrest was granted, who, as therein stated, is a consul of the German empire in the city of New York, and the agent of the plaintiff for the purposes of this action. He alleges, on information and belief, that on or about May 15, 1900, at Galatz, in Roumania, the defendant wrongfully

took and stole from the plaintiff, a banking institution organized under the laws of Roumania, doing business at Galatz, 60,000 francs, of which the plaintiff was the owner, and absconded from Galatz with the stolen money, and that this action is brought to recover the money. The source of affiant's information, and the ground of his belief, as to the matters stated in the affidavit, is a cable telegram received by affiant in his official capacity, signed, "Acting German Consul Struve." The message requested the arrest of the defendant, giving a description of him, and stating that he had stolen from the plaintiff 60,000 francs. The affiant states that he verily believes that said telegram emanates from an official source, and that the facts therein stated are true. The defendant moved to vacate the order on the papers, upon the ground that the affidavit upon which said order to arrest was granted is insufficient to justify the granting of the same.

The affidavit is wholly upon information and belief, and while it is true that it states the source of information and grounds of affiant's belief to be the cable telegram referred to, and sets out the message in full, we are of the opinion that such source of information and ground of belief are not sufficient. It cannot be said that the message came from an official source. It purports to be signed by the acting German consul, but the message does not disclose, nor does the affiant state, that the sender had any knowledge of the facts therein stated. Nor does the affiant allege that he has any personal knowledge of the sender or his official character; the only allegation in that respect being as follows: "I verily believe that said cable telegram emanates from the official source from which it purports to emanate, and that the facts therein stated are true." The message hardly purports to emanate from an official source, and, if it did, the facts stated are not shown to be within the knowledge of the sender, but on its face it shows that it is at the request of the first state attorney of Galatz, without naming him, or in any other way referring to his knowledge of the facts; so that the sources of affiant's information and grounds of his belief are no more evidence of the material facts than is his own statement, while the authenticity of his information is not attempted to be established. There is therefore not a single fact stated in this affidavit from which can be derived any basis of support for the order. It is well settled that statements upon information and belief are not evidence of anything. The courts of New York, at special term, have gone to the extreme in upholding orders which accomplish the detention of fugitives from justice, but in all of the cases where an order has been granted, based upon a cable message, there has been proof that the message came from a source upon which the court had a right to rely; but this case shows an utter absence of knowledge of the facts necessary to confer jurisdiction, or of any reliable or trustworthy ground of belief as to such facts.

The order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.