**Pagano v Amchem Prods., Inc.**

2025 NY Slip Op 31761(U)

May 14, 2025

Supreme Court, New York County

Docket Number: Index No, 190453/2018

Judge: Eric Schumacher

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. ERIC SCHUMACHER**          PART          **13M**

*Justice*

------------------------------------------------------------------------X

JIOVANNINA PAGANO, AS ADMINISTRATRIX FOR THE
ESTATE OF ARMAND D. PAGANO et ano.,

INDEX NO.          190453/2018

MOTION DATE          05/14/2025

Plaintiffs,

MOTION SEQ. NO.          003

- v -

AMCHEM PRODUCTS, INC., N/K/A RHONE POULENC AG
COMPANY, N/K/A BAYER CROPSCIENCE INC. et al.,

**DECISION + ORDER ON
MOTION**

Defendants.

------------------------------------------------------------------------X

**NYSCEF doc nos. 121-153 were read on motions seq. no. 003 for summary judgment, etc.**

Motion seq. no. 003 by defendant David Fabricators of New York, Inc. pursuant to CPLR 3212 for summary judgment denied as untimely.

CPLR 3212(a) requires that motions for summary judgment be filed by a date set by the court, unless none is set, "except with leave on good cause shown." "'[G]ood cause' in CPLR 3212[a] requires a showing of good cause for the delay in making the motion—a satisfactory explanation for the untimeliness—rather than simply permitting meritorious, nonprejudicial filings, however tardy" (Brill v City of New York, 2 NY3d 648, 652 [2004]; see also Jarama v Liberty Ave. Hous. Dev. Fund Corp., 161 AD3d 691, 692 [1st Dept 2018]). A movant's "failure to appreciate that its motion was due ... is no more satisfactory than a perfunctory claim of law office failure" (Giudice v Green 292 Madison, LLC, 50 AD3d 506, 506 [1st Dept 2008] [internal quotation marks omitted]). "No excuse at all, or a perfunctory excuse, cannot be 'good cause'" (Baram v Person, 205 AD3d 470, 471 [1st Dept 2022], citing Brill at 652; see also Rahman v Domber, 45 AD3d 497 [1st Dept 2007]).

The transfer order for this case was dated June 17, 2020 (see NYSCEF doc no. 142, plaintiffs' exhibit 5). The note of issue for this case was filed on May 22, 2023 (see NYSCEF doc no. 64).[1] This motion was filed on April 10, 2025 (see NYSCEF doc no. 121).

Here, defendant David Fabricators of New York, Inc. (hereinafter "David Fabricators") sets forth no argument in its initial moving papers as to whether the motion is timely. Only after plaintiffs opposed the motion, inter alia, on timeliness grounds, David Fabricators argues that as

------

[1] Transfer orders are unique to NYCAL. Discovery is coordinated and conducted by an appointed special master and generally, upon the filing of the note of issue, the special master transfers the case to the coordinating judge as it is ready to proceed to trial. This is done by way of a transfer order that is signed by the coordinating judge. Surprisingly, the note of issue in this case was filed almost 2 years after the transfer order on May 22, 2023 (see NYSCEF doc no. 64). The papers on this motion have not provided for any reason for the same. It appears that the transfer order is dated during the Covid-19 pandemic. It seems that as part of administrative efforts to marshal any previous oversight in the assigned cases, this filing error was corrected by plaintiffs in 2023.

**190453/2018  PAGANO et ano. v AMCHEM PRODUCTS, INC. et al.**          **Page 1 of 4**
**Motion No.  003**

[* 1]

per the operative rules during the time the note of issue was filed, the motion is timely (see NYSCEF doc no. 152, defendant's mem in reply at 3). This argument lacks merit.

In Appleyard v Tigges, 171 AD3d 534, 535 (1st Dept 2019), the appellate court held that the part rules of the administratively reassigned judge controlled the filing of a summary judgment motion and found that the motion was untimely "reasoning that defendants were aware of the reassignment of the matter to the motion court prior to the [summary judgment filing] deadline, yet failed to move for an extension of time to file the motion for summary judgment prior to that date."

The transfer order for this case was filed in 2020. This was when the coordinating judge for New York City Asbestos Litigation (hereinafter "NYCAL") was Justice Manuel J. Mendez, and at the time, NYCAL part rules provided that all summary judgment motions should be filed within 45 days from the note of issue (see NYCAL website, https://nycal.net/wp-content/uploads/SUPREME-ASBESTOS-NYCAL-COORDINATING-JUDGE-MOTION-PART-RULES.pdf [last accessed May 8, 2025] [at the homepage click on the drop down menu called "File Repository", click on "Correspondence", scroll down the listing that is titled "NYCAL Coordinating Judge Motion and Trial Part Rules", click on it and press download]). David Fabricators concedes that they were aware of these part rules (see NYSCEF doc no. 152, defendant's mem in reply at 3).

Following Justice Manuel J. Mendez' tenure, in 2020, Justice Adam Silvera was assigned as the coordinating judge for NYCAL. David Fabricators asserts that since the note of issue was filed in 2023, the operative rules during Justice Adam Silvera's tenure would control. David Fabricators asserts that "[o]n information and belief, Justice Silvera did not specifically have part rules that addressed summary judgment deadlines." (see NYSCEF doc no. 152, defendant's mem in reply at 3).

First, "[s]tatements [made] upon information and belief are not evidence of anything" (Banque Agricole of Roumania v Ungureanu, 53 AD 254, 256 [1st Dept 1900]). Contrary to David Fabricators' argument, despite there being a change of assignment of the coordinating judge for NYCAL from when the transfer order was signed and the note of issue was filed, the NYCAL part remained the same, and the case remained assigned to that part. Thus, even assuming that Justice Adam Silvera did not have any new part rules for summary judgment motions, the operative NYCAL part rules would have been the one from Justice Manuel J. Mendez' tenure, which provided for an operative deadline to be within 45 days after the filing of the note of issue. David Fabricators, at the very least, was aware of this deadline and yet failed to seek any extension of time to file a motion for summary judgment before the 45 days had passed since filing the note of issue.

Second, David Fabricators concedes that Justice Adam Silvera also had operative rules in place for summary judgment motions (clearly in contravention of what it relies on above, "[o]n information and belief . . . ."). In the reply memorandum, David Fabricators states that "[w]hile there may have been rules in place regarding the timing of summary judgment motions in this case, the Coordinating Judge in charge of this case at the relevant time . . . did not enforce those rules." (see NYSCEF doc no. 152, defendant's mem in reply at 1). David Fabricators through

this statement concedes that its motion is untimely. Further, as per the court's records, Justice Adam Silvera, enlarged the timeline to file a motion for summary judgment to be within 45 days after the transfer order instead of 45 days after the note of issue was filed. This was to prevent any potential disadvantage to the parties caused due to the transition in assignment of the coordinating judges.[2] This would generally be helpful to the parties as the transfer order is signed after the note of issue is filed and thus provides parties with more time to file a summary judgment motion. David Fabricators failed to move within 45 days of either the transfer order or the filing of the note of issue. David Fabricators also failed to seek any extension of time to file a motion for summary judgment before Justice Adam Silvera.

Third, David Fabricators also omitted to mention that after Justice Adam Silvera, Justice Suzanne Adams was the coordinating judge of NYCAL before this role was assigned to Justice Schumacher. Justice Suzanne Adams also had part rules where the operative deadline for filing all summary judgment motions was 45 days from the date of the transfer order. David Fabricator's failed to seek any extension of time to file a motion for summary judgment before Justice Suzanne Adams.

Relying on its already debunked argument that Justice Adam Silvera did not have any part rules concerning summary judgment motions at the time the note of issue was filed, David Fabricators asserts that the operative rules for filing of the motion would be pursuant to the NYCAL Case Management Order (hereinafter "CMO") (see In re New York City Asbestos Litigation, 2017 NY Slip Op 33529[U] [Sup Ct, NY County 2017]). The relevant section of the CMO provides that motions for summary judgment shall be filed at least thirty days prior to a trial date (see CMO § XXI). However, a deadline to file a motion for summary judgment set in an order "is controlling, given that there is no subsequent order or directive explicitly providing otherwise" (Winfield v Monticello Senior Hous. Assoc., 136 AD3d 451, 451-452 [1st Dept 2016]). Even assuming that the part rules of all prior judges was not an order of the court, and the only operative deadline to file a motion for summary judgment was the one provided in the CMO, this argument is rendered moot by this court's administrative order filed on February 25, 2025 to not only this case (see NYSCEF doc no. 120), but also to the NYCAL Master File (see index no. 782000/2017, NYSCEF doc no. 5758). This was well before the filing of this motion. The administrative order in relevant part provides that "[a]ll parties shall read and abide by, and are bound by, the Part 13 Rules . . . .". These rules are not only published on the court's website but are also available on the NYCAL website. The operative deadline for filing all summary judgment motions as per this court's part rules is within 30 days of filing the note of issue (see Part 13 R. III[F][1]).

On February 24, 2025, a post was published on the NYCAL website which provided that

[i]f the note of issue was filed in a NYCAL case before January 7, 2025, consistent with the orders and rules of the prior coordinating judges, the deadline to file a motion for summary judgment in the case remains as provided for in the operative

---

[2] As a general practice in NYCAL, coordinating judges and special masters put out notices or make filings on the NYCAL website through posts. The nature of the website's design and interface may prevent access to posts that were once operative.

rules or CMO at the time the note of issue was filed, which for many of today's active cases is 45 days from the date of the transfer order.

(see NYCAL website, Judge's Corner, https://nycal.net/judges_corner/notice-of-essential-filing/ [last accessed May 8, 2025] [at the homepage, go to the "Information" drop down menu, click on "Judge's Corner", scroll through the notices, the relevant notice will be titled as "Administrative Order and Summary Judgment Deadlines."]). This post on the NYCAL website is not an order of the court. The post was as a courtesy to the parties who may have filed their motions prior to the current assignment which may have been untimely under the current operative rules but were timely as per the previous operative rules. Further, even if the post can be read as providing some good cause for later filings, here, the applicable rules as stated in the post was within 45 days from the transfer order, which was filed in 2020.

Now, 5 years after the transfer order, 2 years after the filing of the note of issue, and 44 days after the filing of the administrative order, David Fabricators filed this motion for summary judgment without providing any good cause for the egregious delay. Untimely motions for summary judgment in asbestos litigation is even more concerning given the nature of the cases, and the health of the injured parties. "[The] result of the courts' refusal to countenance the statutory violation, . . . will be fewer, if any, such situations in the future, both because it is now clear that 'good cause' means good cause for the delay, and because movants will develop a habit of compliance with the statutory deadlines for summary judgment motions rather than delay until trial looms" (see Brill v City of NY, 2 NY3d 648, 653 [2004]).

As such, the motion is denied as untimely. It is further

ORDERED that within 5 days of entry, plaintiffs and defendant QCP, Inc. individually and as successor to Bakers Pride Oven Company, Inc. shall serve a copy of this order with notice of entry on movant.

The foregoing constitutes the decision and order of the court.

| 5/14/2025 | | | | |
|---|---|---|---|---|
| DATE | | | ERIC SCHUMACHER, J.S.C. | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**190453/2018  PAGANO et ano. v AMCHEM PRODUCTS, INC. et al.**              Page 4 of 4
**Motion No.  003**

[* 4]